[No. 35072.   Department One.   October 20, 1960.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANCIS F. CUNDAY, *Appellant.*[1]

*Donald J. Disque* and *Mark D. Rotchford,* for appellant.

*John J. Lally* and *Frank H. Johnson,* for respondent.

WEAVER, C. J. — Does the phrase "carnally know *and abuse*" require the state to prove physical harm or injury to a child under the age of consent in addition to proving sexual intercourse?

RCW 9.79.020 provides, in part,

[1]Reported in 356 P. (2d) 609.

"Carnal knowledge—Penalties. Every male person who shall *carnally know and abuse* any female child under the age of eighteen years, not his wife, and every female person who shall have sexual intercourse with any male child under the age of eighteen years, not her husband, shall be punished as follows: . . ." (Italics ours.)

Defendant was charged in the language of the statute, as follows:

"That the said defendant . . . did then and there willfully, unlawfully and feloniously carnally know and abuse a female child under the age of eighteen years, not his wife; to-wit: [name omitted] of the age of fourteen years."

Having been found guilty by a jury, defendant appeals, alleging, as his sole assignment of error, the failure of the state to prove the crime as charged.

■ The appellant contends that the use of the conjunction "and," followed by the word "abuse," means that before he can be convicted of the crime as charged it must be proved that he not only did "carnally know," but that he did also "carnally abuse" the complaining witness; that the legislature intended that the state must prove something more than carnal knowledge or sexual intercourse with its accompanying penetration, however slight.

From 1854 (Laws of 1854, § 33, p. 80; Laws of 1869, § 35, p. 204; Laws of 1873, § 37, p. 187) to 1881, the definition of the crime of rape and the definition of the crime of carnal knowledge of a female child under the age of twelve were combined in the same statute.

From 1881 until 1897, the definitions were still combined (with one exception not here pertinent; see Code of 1881, § 814), but new wording appeared. Code of 1881, § 812, uses the phrase "carnally know *and abuse* any female child under the age of twelve years." This is the first statutory use of the word "abuse." It was repeated in Laws of 1886, § 1, p. 84, when the age was raised to sixteen years.

Laws of 1897, chapter 19, § 1, p. 19, however, defining rape and carnal knowledge, dropped the words "and abuse."

Laws of 1909, chapter 249, p. 890, defined the crime of rape

in § 183, the crime of carnal knowledge of children in § 184, and reinserted the words "carnally know *and abuse.*"

Subsequent amendments retain the same wording. Laws of 1919, chapter 132, § 1, p. 368; Laws of 1937, chapter 74, § 1, p. 321; Laws of 1943, chapter 112, § 1, p. 256.

The history of the statute, now RCW 9.79.020, quoted *supra,* does not disclose why the legislature dropped the words "and abuse" from the statute in 1897 and reinstated them in 1909. It does not necessarily lead, however, to the conclusion, as appellant urges, that the legislature intended that the state must prove something more than carnal knowledge.

We are convinced that the word "abuse" is only descriptive of the effect upon a child, under the age of consent, of having been carnally known.

In *State v. Monds,* 130 N. C. 697, 700, 41 S. E. 789 (1902), the court considered a statute such as ours and said:

"It seems clear to us that they both have the same meaning and the *gravamen* of the offense is the 'knowing'—penetration with his person—without which there is no rape.

"The 'abusing' is no part of the common (or statute) law definition of rape. We first find it in the Statute of 18 Elizabeth, Chap. 7, when the 'abominable wickedness of carnally knowing and abusing any woman child under the age of ten years' was made a felony without benefit of clergy; in which case the consent or nonconsent is immaterial, as by reason of her tender years she is incapable of judgment and discretion.

"The 'abusing' construed with the 'carnally knowing' means the imposing upon, deflowering, degrading, ill-treating, debauching and ruining socially, as well as morally, perhaps, of the virgin of such tender years, who, when yielding willingly, does so in ignorance of the consequences and of her right and power to resist. If the act be committed forcibly and against her will, it would be rape without reference to the statute. 'Injury' of her genital organs might have occurred from the effort to penetrate, or in some other way; but the statute does not declare it to be an element of the crime to injure or abuse the organs."

The Supreme Court of Errors of Connecticut reached the same conclusion saying:

". . . Unlawful carnal knowledge certainly includes what is meant by carnal abuse, if it be not synonymous with that. Rape is defined in Finch's Law (Book III, Chap. XIII) as 'the carnal abusing of a woman against her will.' Our revisers dropped the word 'unlawfully' and retained the word 'abuse.' Carnal abuse is necessarily implied in carnal knowledge of a female who has given or can give no consent. Bishop on Statutory Crimes (3d Ed.), § 487. Whether it may be something less than that we have no occasion to inquire. See *State v. Hummer,* 73 N. J. L. 714, 718, 65 Atl. 249.

"In the case at bar, the jury were charged that, in order to justify a conviction, they must be satisfied that the defendant had carnal knowledge of the girl, and that if that had been proved, abuse was necessarily implied. A proper definition of carnal knowledge was given to them, to which no exception has been taken. This being so, the request for an instruction to the jury that to 'abuse,' within the meaning of the statute, was to injure the genital organs of the child and to injure them to an extent not naturally resulting from an act of normal sexual intercourse with a fully developed female, was rightly refused." *State v. Sebastian,* 81 Conn. 1, 8, 69 Atl. 1054 (1908).

In *State v. Ferris,* 81 Conn. 97, 99, 70 Atl. 587 (1908), the court reaffirmed the *Sebastian* case, *supra,* and said:

". . . the term 'abuse' was not to be construed independently and as compelling proof of injury to the genital organs in addition to carnal knowledge. . . . "

See, also, *Dawkins v. State,* 58 Ala. 376, 29 Am. Rep. 754 (1877); 1 Wharton's Criminal Law and Procedure (Anderson ed. 1957) § 316, p. 655; Bishop on Statutory Crimes (3d ed., 1901) § 487.

An additional consideration supports our conclusion that the judgment must be affirmed. RCW 9.79.020 provides that

". . . every female person who shall have sexual intercourse with any male child under the age of eighteen years, not her husband, shall be punished as follows: . . . "

If "carnally know and abuse" is not the equivalent of "sexual intercourse," then a female accused can be convicted upon proof of intercourse with a male child; while

a male accused, under the same statute, would be innocent unless, in addition to sexual intercourse, there be proof that he injured the female child. We are not convinced that the legislature intended to establish a double standard in the same statute.

The judgment of conviction is affirmed.

MALLERY, DONWORTH, FOSTER, and HUNTER, JJ., concur.