## DEPARTMENT OF STATE PLANNING *v.* MAYOR AND COUNCIL OF THE CITY OF HAGERSTOWN ET AL.

[No. 128, September Term, 1979.]

*Decided June 11, 1980.*

---

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Judith A. Armold, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *David H. Feldman, Assistant Attorney General,* on the brief, for appellant.

*Kenneth J. Mackley, Richard F. McGrory* and *Robert E. Kuczynski,* with whom were *Mackley & Gilbert* and *McCauley, Cooey & McGrory* on the brief, for appellees.

DAVIDSON, J., delivered the opinion of the Court.

This case presents the question whether, under Maryland Code (1957, 1979 Repl. Vol.), Art. 88C, § 2 (q), the Department of State Planning has a right to intervene in an appeal to a circuit court from an action of a local zoning body.

Article 88C, § 2 (q), effective 1 July 1974, provides in pertinent part that the Department of State Planning shall:

*"Have the right and authority to intervene in and become a party to any administrative, judicial, or other proceeding in this State concerning land use, development or construction.* Upon intervention, the Department shall have standing and all rights of a party in interest or aggrieved party, including all rights to apply for judicial review and appeal. . . . *The right of intervention* in any administrative, judicial or other proceeding in this State *may be exercised only in accordance with applicable rules of procedure and law. . . ."* (Emphasis added.)

Maryland Rule 208, the applicable rule of procedure governing intervention, provides in pertinent part:

"a. Of Right.
*Upon timely application a person shall be permitted to intervene in an action:* (a) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (b) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof.

. . .

"c. Procedure.
1. Motion.
An application to intervene shall be made by motion.
2. Leave of Court.
Leave to intervene shall be granted only by court order, which shall designate the intervenor as a party plaintiff or defendant." (Emphasis added.)

On 13 November 1978, the City Council of Hagerstown (Council), an appellee, granted a requested reclassification of approximately 46 acres of land from the IR zone (Industrial Restricted) to the C3 zone (Commercial Central). The Hagerstown Planning Commission (Commission) had opposed the granting of the requested reclassification. The appellant, the Department of State Planning (State Planning), had not participated in the proceeding before the Council. On 30 November 1978, the Commission informed State Planning that the Hagerstown City Attorney had indicated that he could not represent the Commission and that it had no other legal counsel to represent it on appeal from the Council's zoning action. It requested that State Planning represent the Commission for the purpose of filing both an appeal and a motion for the appointment of counsel. On 13 December 1978, in the Circuit Court for Washington County, State Planning filed both the appeal and the motion on the Commission's behalf. On 11 January 1979, the Council filed a motion to dismiss the appeal on the ground that the Commission lacked standing. On 21 February 1979, the Circuit Court denied the Commission's motion for appointment of counsel and the Council's motion to dismiss. On 9 March 1979, State Planning filed a motion to intervene as a party appellant.

On 8 January 1979, the Council granted a reclassification of a second parcel of land consisting of approximately 11 acres, from the R2 zone (Residential) and C2 zone (Commercial General) to the C3 zone. On 5 February 1979, the Commission, which had also opposed the granting of this requested reclassification, filed an appeal. On 9 March 1979, the Council filed a motion to dismiss this second appeal on the ground that the Commission lacked standing. On that same day, State Planning filed a motion to intervene as a party appellant. On 27 June 1979, the Circuit Court denied the Council's motion to dismiss.

On 2 July 1979, the Circuit Court denied each of State Planning's motions to intervene on the ground that State Planning did not have an unrestricted right to intervene. It determined that because State Planning had not

demonstrated that a substantial State or interjurisdictional interest was involved in the zoning proceedings before the Council, and because State Planning had not participated in those proceedings, it could not intervene in the judicial proceedings on appeal. State Planning appealed to the Court of Special Appeals which consolidated the two cases. We granted a writ of certiorari before consideration by that Court. We shall reverse.

State Planning contends that the language of Art. 88C, § 2 (q) is clear and unambiguous. It maintains that under that section it has an unrestricted right to intervene in any administrative, judicial or other proceeding concerning land use, development or construction if it exercises that right in accordance with applicable rules of procedure and law. It asserts that the only applicable rule is Maryland Rule 208. It claims that Rule 208 a, (a) and (b), and more particularly that provision which requires a demonstration of the existence of an interest that may be inadequately represented, are inapplicable. It concludes that in order to establish its right to intervene, it need comply only with those provisions of Rule 208 a and c which require the filing of a timely motion.

The Council contends that the language of Art. 88C, § 2 (q) is ambiguous. It asserts that certain language used in the preamble to this statute restricts the right to intervene provided in § 2 (q).[1] It maintains that not only the language of the preamble but also State Planning's own regulations [2]

_____

1. Ch. 291, Acts of 1974, amended Md. Code (1957, 1969 Repl. Vol., 1973 Cum. Supp.), Art. 88C. According to the preamble, the amendments were enacted for, among other things:

"the purpose of . . . authorizing the Department of State Planning to intervene as a party and to have the rights of a party in *certain* administrative and judicial proceedings under *certain* circumstances. . . ." (Emphasis added.)

2. COMAR 16.03.01.02 provides:

"The decisions of local governments and other governmental bodies involving land use, development, or construction often have major consequences upon the State as a whole. *The intervention authority enables the Department to participate in proceedings as a party,* and *to offer the views of the Department* or of another unit of State government. *The local government* or other governmental body *is thus informed of the views of the Department* or other unit of State government *and is able to consider the State's views in*

indicate that the Legislature intended to limit State Planning's right to intervene. It asserts that State Planning has a right to intervene in a judicial proceeding only after it has demonstrated that a substantial State or interjurisdictional interest is involved, and then only if it has participated in the proceeding before the local zoning body.

The cardinal rule of statutory construction is to ascertain and effectuate the actual intent of the Legislature. In determining this legislative intent, a court must read the language of the statute in context and in relation to all of its provisions. In addition, it may consider the statute's legislative history and administrative interpretations, and must consider its purpose. *North Charles Gen. Hosp., Inc. v.*

---

*reaching a decision.* The Department has authority to participate as a party in a proceeding, but has no authority to veto or overrule a land use decision." (Emphasis added.)

COMAR 16.03.01.04 provides in pertinent part:

"A. Review and Recommendations on Basic Plans and Regulations. There are certain plans and regulations which, when adopted, serve as the foundation for future proceedings involving land use, development, or construction. These plans and regulations also affect all or a substantial portion of a city or county. Because of their importance, *the Department will review all such plans and regulations and make recommendations to the local governments when appropriate. The participation of the Department may take the form of a written communication to the local government, or it may involve active participation in a hearing before adoption.*

. . .

"B. Participation in Individual Proceedings of Local Governments. *The term 'individual proceedings' includes zoning map amendments. . . . The Department will intervene only if the proceeding involves matters of more than local impact and of substantial State or interjurisdictional interest.* The Department will use certain criteria, but the presence of one or more of these factors does not necessarily mean that the Department will intervene. The Department will base a decision to intervene upon the following general criteria:
    (1) Consistency with State plans and programs;
    (2) Impact upon major State facilities;
    (3) Interjurisdictional impacts;
    (4) Compatibility with local plans, regulations, enabling authority, and judicial decisions;
    (5) Magnitude of results and impacts;
    (6) Substantial economic or environmental impact."
(Emphasis added.)

*Employment Security Admin.,* 286 Md. 115, 118, 405 A.2d 751, 753 (1979); *Comptroller of the Treasury v. John C. Louis Co.,* 285 Md. 527, 538, 543, 404 A.2d 1045, 1052-53, 1055 (1979). Where statutory language is plain and unambiguous, and expresses a definite meaning consonant with the statute's purpose, courts must not insert or delete words to make a statute express an intention different from its clear meaning. In re: *James S.,* 286 Md. 702, 705, 410 A.2d 586, 587 (1980).

In our view, the language of § 2 (q), when read in context, is clear and unambiguous. The words "certain ... proceedings" appearing in the preamble to ch. 291, Acts of 1974, refer to the "proceeding[s] concerning land use, development or construction" described in § 2 (q). Similarly, the words "certain circumstances," also appearing in the preamble, refer to "the applicable rules of procedure and law" described in § 2 (q). The authority to intervene in *"certain* administrative and judicial proceedings under *certain* circumstances" is therefore coextensive with the authority to intervene in "any administrative, judicial or other proceeding ... concerning land use, development or construction ... in accordance with applicable rules of procedure and law." Thus, the language of the preamble does not restrict the right to intervene provided in § 2 (q). In addition, there is legislative history to show that provisions which would have imposed some restrictions on the right to initiate or intervene in judicial proceedings concerning land use, development or construction were specifically rejected.[3]

---

**3.** Ch. 291, Acts of 1974, as originally proposed, would have created a State Land Use Board within State Planning. As originally proposed, § 24 (A) provided in pertinent part:

> *"The Board shall have the right* and authority *to initiate, or intervene in,* or become a party to *any administrative, judicial or other proceeding ...* concerning land use, development or construction *in regard to any area situated in any designated area of critical State concern. It also shall have the right* and authority *to initiate, or intervene* in or become a party similarly concerning land use, development or construction in regard to any area not situated in any designated area of critical State concern *if the Board demonstrates the land use, development, or construction involves more than a local impact and is of substantial State or regional interest."* (Emphasis added.)

Moreover, the "Standards for Intervention in Land Use Proceedings" contained in COMAR 16.03.01.01 through 16.03.01.09 are intended solely for informational purposes. Indeed, COMAR 16.03.01.10 expressly provides that these standards "do not curtail or limit the authority to intervene established by Chapter 291 of the Laws of Maryland of 1974." Thus, the language of the statute, when read in its context, the legislative history, and the administrative interpretations all lead to the conclusion that the Legislature intended that State Planning have an unrestricted right to intervene in any judicial proceeding concerning land use, development or construction if it files a timely motion in accordance with Md. Rule 208 a and c. There is no requirement that it plead or prove the existence of a substantial State or interjurisdictional interest in the proceeding or that that interest might be inadequately represented. Neither is there any requirement that State Planning participate in the proceeding before the local zoning body in order to establish its right to intervene. Accordingly, the Circuit Court erred in denying State Planning's motions on the ground that it had only a restricted right to intervene.

Having determined that State Planning had an unrestricted right to intervene, the only remaining question is whether its motion was timely. The answer to that question depends upon an examination of all of the circumstances. *Montgomery County v. Ian Corp.*, 282 Md. 459, 465, 385 A.2d 80, 83 (1978). *See NAACP v. New York,* 413 U.S. 345, 365-66, 93 S. Ct. 2591, 2603 (1973). The factors

---

As originally proposed, § 24 (C) provided in pertinent part:

"The period of time in which the Board may intervene in any judicial, administrative, or other proceeding . . . shall be either within the time period prescribed by local law, or within 30 days of notice, whichever is greater. *The Board may not initiate any administrative, judicial or other proceeding relating to a proceeding in which it had the opportunity to intervene but did not do so.*" (Emphasis added.)

Neither of these sections was enacted by ch. 291, Acts of 1974. Instead, the right of intervention was vested in State Planning under § 2 (q). That section does not include any of the restrictions contained in § 24 (A) and 24 (C).

to be considered include the purpose for which intervention is sought, the reason or reasons for the delay in seeking intervention, the extent to which the proceedings have progressed at the time the motion to intervene is filed, and the probability of prejudice to the existing parties. *Maryland Radiological Soc'y, Inc. v. Health Servs. Cost Review Comm'n,* 285 Md. 383, 388-89, 402 A.2d 907, 911 (1979).

Applying these principles to the instant case produces a clear result. At oral argument before this Court, State Planning asserted that it sought intervention, not for the purpose of presenting evidence in the Circuit Court proceeding, but rather for the purpose of protecting, through briefs and oral argument, the otherwise unrepresented interests of State Planning. The motions to intervene were not made until approximately three months after the first appeal was filed and approximately one month after the second appeal was filed. More important, the motions were made approximately two weeks after the Circuit Court denied the Commission's motion for appointment of counsel and denied the Council's motion to dismiss the first appeal. It was not until these two motions were denied that it became apparent that the Commission had standing to appeal, that therefore the appeals would proceed, and that, as a practical matter, in the absence of legal counsel for the Commission, State Planning would have to intervene if its interests were to be adequately represented. At the time State Planning's motions to intervene were filed, the denial of the Commission's motion for appointment of counsel and the Council's motion to dismiss were the only significant issues which had been decided with respect to the first appeal. A motion to dismiss was pending in the second appeal. However, no determinations had been made with respect to the merits of either appeal. No legal memoranda had been filed and no hearings had been held. In addition, there is nothing in the record to show that the proposed intervention would have delayed the proceedings on the merits in any way. Finally, there is nothing in the record to suggest that prejudice would have resulted from State Planning's proposed intervention. Under all of these

circumstances, State Planning's motions to intervene were timely.

We now hold that because State Planning had an unrestricted statutory right to intervene, and because its motions to intervene were timely, the Circuit Court erred in denying State Planning's motions to intervene. Accordingly, we shall reverse and remand for further proceedings.[4]

> *Orders of the Circuit Court for Washington County reversed; cases remanded for further proceedings in accordance with this opinion.*
> *Costs to be paid by appellees.*

---

**4.** In view of our decision, we need not consider State Planning's contention that the Circuit Court abused its discretion by requiring a State Planning official to be deposed with respect to the question of the existence of a substantial State or interjurisdictional interest.