513 A.2d 927

**ONE 1979 CADILLAC SEVILLE SERIAL NO. 6S69899473348**

v.

**STATE of Maryland.**

**No. 428, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Sept. 4, 1986.

Ann E. Singleton, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, and John L. Scarborough, State's Atty. for Cecil County, Elkton, on brief), for appellee.

Edward A. Richitelli, Elkton, for appellant.

Argued before GILBERT, C.J., and BISHOP and KAR-WACKI, JJ.

BISHOP, Judge.

After a hearing, the Circuit Court for Cecil County ordered the forfeiture of one 1979 Cadillac Seville Serial No. 6S69899473348, owned by Michael Siano. The issue before this Court is whether before forfeiture of a motor vehicle under Md.Ann.Code, art. 27, § 297 (1982 Repl. Vol., 1985 Cum.Supp.), Md. Cts. & Jud. Proc. Code Ann. § 10–1001 (1984 Repl. Vol.) requires evidence of a chemical analysis to prove that particular substances found in the subject vehicle were controlled dangerous substances. For the reasons stated *infra*, we hold that it does not.

## FACTS

With minor editing the following is the Agreed Statement of Facts:

.        .        .        .        .

> According to the petition, [the Siano] vehicle had been utilized in drug smuggling activities, pursuant to Art. 27, Sec. 286A; and possession of controlled substances in sufficient quantity to reasonably indicate, under all circumstances, an intent to distribute, pursuant to Art. 27, Sec. 286.

A hearing was held on the petition by Rollins, Jr., J. The evidence for the State was elicited through Maryland State Police Corporal Charles K. Glassman. Material portions of his testimony were:

> [W]hile patrolling northbound on interstate highway 95 in Cecil County, Maryland, he made a lawful stop of the subject vehicle for motor vehicle violations. At that time,

Michael Siano, the driver of the car, advised the Corporal that the car belonged to him and that he had just purchased it from a friend in Florida. During the course of Corporal Glassman's routine inquiry of Siano, he became suspicious. He then duly asked and was granted permission by Siano to search the automobile.

With respect to the Corporal's testimony in paragraphs 1 and 2, which follow, Defense counsel objected to its admission into evidence on the ground that it was inadmissible to support the controlled dangerous substances allegations unless it is accompanied by a chemical analysis, pursuant to Courts and Judicial Proceedings Art. 10–1001. The trial court overruled the objections.

1. Glassman testified that the above search revealed substances which he suspected to be marijuana, and cocaine.

2. Also Glassman testified that he conversed with Siano at the State Police barracks and that Siano advised him that the ... substances were marijuana and cocaine; that Siano had been given $3,000.00 by a friend of his in Florida to make delivery of these substances; that he had gone to his friend's apartment where he had picked up the cocaine and subsequently concealed it under the truck carpet.

The Defendant offered no evidence.

At the end of the State's case, the Defendant's attorney maintained that the evidence standing alone was insufficient to establish that the alleged substances were controlled since there was no chemical analysis of the substances in evidence. The State maintained that the evidence was sufficient, and an analysis was unnecessary since it would rely on the Defendant's statement to the police officer.

The trial court found that the procedure for submitting an analysis is strict, but that the State was not obliged to submit one. It then found the evidence before it suffi-

cient to find that the substances were controlled, and entered a civil judgment forfeiting the motor vehicle.

With respect to whether the State had met its burden, the Court said,

"I'm satisfied, gentlemen, as I said before, completely satisfied that obviously the car was transporting the items, the drugs that have been testified to. As far as I am concerned, the State has met its burden very easily on this, on what evidence I have before me. I am prepared to rule at this point that the automobile should be forfeited. I think the evidence is clear it was used for transportation of a significant amount and I think they have met all of the criteria of the statute. So I'll order the forfeiture."

## DISCUSSION

■ Appellant argues that the admission of Mr. Siano that the substances found in his car were marijuana and cocaine was insufficient to prove that the items were controlled dangerous substances as defined in the Controlled Dangerous Substances Act, Md. Ann. Code, art. 27, § 276–302 (1982 Repl.Vol., 1985 Cum.Supp.), and that a chemical analysis of the substances was required under § 10–1001.

Maryland Courts and Judicial Proceedings Code Annotated § 10–1001 provides:

For the purpose of establishing that physical evidence in a criminal or civil proceeding constitutes a particular controlled dangerous substance defined under Article 27 of this Code, a report signed by the chemist or analyst who performed the test or tests as to its nature is prima facie evidence that the material delivered to him was properly tested under procedures approved by the Department of Health and Mental Hygiene, that those procedures are legally reliable, that the material was delivered to him by the officer or person stated in the report, and that the material was or contained the substance therein stated, without the necessity of the chemist or

analyst as an individual certified by the Department of Health and Mental Hygiene, the Maryland State Police Department, or any county police department employing analysts of controlled dangerous substances, as qualified under standards approved by the Department of Health and Mental Hygiene to analyze those substances, states that he made an analysis of the material under procedures approved by that department, and also states that the substance, in his opinion, is or contains the particular controlled dangerous substance specified. Nothing in this section precludes the right of any party to introduce any evidence supporting or contradicting the evidence contained in or the presumptions raised by the report.

Appellant argues that the statute implicitly requires a chemical analysis because its final sentence provides that any party may offer other evidence "supporting or contradicting the evidence contained in ... the report." Appellant reads this provision out of context and simultaneously ignores the clear language of the statute.

In *Dept. of St. Planning v. Hagerstown*, 288 Md. 9, 415 A.2d 296 (1980), the Court stated:

> The cardinal rule of statutory construction is to ascertain and effectuate the actual intent of the Legislature. In determining this legislative intent, a court must read the language of the statute in context and in relation to all of its provisions. In addition, it may consider the statute's legislative history and administrative interpretations, and must consider its purpose.... Where statutory language is plain and unambiguous, and expresses a definite meaning consonant with the statute's purpose, courts must not insert or delete words to make a statute express an intention different from its clear meaning.

*Id.* at 14–15, 415 A.2d 296 (citations omitted).

■ The language in § 10–1001 is clear and unambiguous. It does not require the admission of chemical analysis in either a civil or criminal case to prove the identity of a given substance. The statute simply recognizes that chemical

analysis of drugs is reliable evidence and creates a statutory exception to the hearsay rule by providing that it is not necessary to produce the chemist who performed the test to testify to its accuracy in every trial where a chemical analysis conducted by a qualified person under approved procedures has been submitted. The statute permits an authenticated method of proof, but does not require a chemical analysis to prove that the substance in question is indeed a controlled substance. The final sentence merely notifies the parties that if chemical analysis is used, the introduction of other evidence is not foreclosed by its admission, but it does not imply that chemical analysis is the only evidentiary means of proving that a substance is a controlled substance.

Only in the last sentence of his brief does appellant argue that if the evidence was not statutorily, legally insufficient, it was "otherwise legally insufficient." He presents no argument on this alternative issue except to cite a case which provides no support whatsoever. The agreed statement of facts indicates that appellant's Motion for Judgment of Acquittal was limited to the issue of whether chemical analysis was required under § 10–1001. We held in *Dillsworth v. State*, 66 Md.App. 263, 267–68, 503 A.2d 734 (1986) that when counsel advances a different ground for reversal on appeal than he did in his Motion for Judgment of Acquittal below, the issue is not preserved for our review.

Even if the issue were preserved, we would hold the evidence sufficient to affirm the judgment of the circuit court. Mr. Siano, owner of the automobile, admitted that the substances found in his vehicle were marijuana and cocaine. The Court in *Smith v. Branscome*, 251 Md. 582, 248 A.2d 455 (1968) stated:

> any declaration made by [a party] against his interest is receivable in evidence to prove the truth of the matter admitted by him as a party. As Judge Markell, for the Court, ... aptly stated:

" * * *oral admissions of a party 'are universally deemed admissible' and legally sufficient to prove facts admitted.  Wigmore, Secs. 1048, 2075."

*Id.* at 589, 248 A.2d 455 (citations omitted).

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY APPELLANT.