Dear Honorable Harriet Tregoning
You have asked for our opinion whether the Maryland Department of Planning ("Planning" or "the Department") may intervene in local land use decisions and, if so, what are the parameters of that authority.
In our opinion, State law confers broad authority on the Department to intervene, or to otherwise make the State's views known, in local land use proceedings.
 I Participation by The Department in Local Land Use Matters
For more than a quarter century, State law has authorized the Department to participate in local land use proceedings. Chapter 291, Laws of Maryland 1974, now codified in Annotated Code of Maryland, State Finance and Procurement Article ("SFP"), § 5-305. Shortly after enactment of that authority, the Department issued regulations setting forth the standards for its participation in local land use proceedings. 2:23 Md. Reg. 1416 (October 15, 1975). Those regulations are now codified at COMAR 14.24.06.
A. Statutory Authority
The Department may intervene as a party, in accordance with the pertinent rules of procedure, in "any administrative, judicial, or other proceeding in the State concerning land use, development, or construction." SFP § 5-305(a)(1), (b). Alternatively, the Department may "file a formal statement expressing the views of the Department and any other unit of the State government concerning environmental or economic impact." SFP § 5-305(a)(2). If the Department chooses to intervene formally, it has the standing and rights of a party to the proceeding, including any right of appeal or judicial review. SFP § 5-305(c).
The Department and local subdivisions are to establish procedures to ensure that the Department is notified of any application for zoning, a permit, or other land use authority if the application "(1) has more than local impact; and (2) is of substantial State or regional interest." SFP5-305(d). The Department has apparently developed such procedures. See
COMAR 14.24.06.06.
The Court of Appeals has had occasion to consider the breadth of the Department's statutory authority to intervene and concluded that "the Legislature intended that State Planning have an unrestricted right to intervene in any judicial proceeding concerning land use, development or construction if it files a timely motion in accordance with the [rules of procedure]." Department of State Planning v. Mayor and City Council ofHagerstown, 288 Md. 9, 16, 415 A.2d 296 (1980).
In the Hagerstown case, two zoning reclassifications were opposed by the Hagerstown Planning Commission ("Commission"), but nevertheless granted by the City Council of Hagerstown ("Council"). After the Commission was informed by the City Attorney that he could not represent the Commission in an appeal of the Council's actions, the Commission requested assistance from the Department. As a result of the Commission's request for representation, the Department filed appeals to the circuit court on behalf of the Commission, and thereafter, motions to intervene on its own behalf as an appellant. The Department had not participated in the original zoning actions before the Council. The circuit court denied the Department's motions to intervene because the Department had not demonstrated a substantial State or interjurisdictional interest and had not participated in the proceedings before the Council.
The Court of Appeals reversed that ruling. It held that there is no requirement that the Department demonstrate a substantial State interest. Nor is participation in earlier stages of the proceeding a prerequisite to intervention. 288 Md. at 16. The Court found that the language of the statute authorizing intervention "is clear and unambiguous," that the Department had "an unrestricted statutory right to intervene," and that the only issue was whether the Department's motion to intervene was timely under the court rule governing intervention.[1]
To assess timeliness of the motion to intervene, the Court looked to the purpose for which intervention was sought, the extent to which the proceeding had progressed, and the likelihood of prejudice to the existing parties. The Court noted that the Department had become involved in the Hagerstown case only after it became apparent that the Commission was unrepresented and that the Department's interests would not be adequately represented in the appeal. Moreover, at the time of intervention the circuit court had not yet made any determinations with respect to the merits of the appeals. Finally, there was nothing in the record indicating any prejudice as a result of the Department's intervention. Accordingly, the Court held that the motions to intervene were timely.288 Md. at 17-18.
In our opinion, given the comprehensive scope of the statute and the construction adopted by the Court of Appeals in Hagerstown, the Department has broad authority to participate in local land use proceedings, including the right to intervene as a party.
B. The Department's Standards for Exercise of Statutory Authority
The parameters of the Department's participation in local land use matters are detailed in the Department's regulations concerning its intervention authority. COMAR 14.24.06. Those regulations are designed to inform interested parties of the Department's general policies and procedures with respect to intervention, but not to limit its broad authority to intervene. COMAR 14.24.06.08.
In its regulations, the Department has indicated that the purpose of its participation in a particular proceeding is to inform the decisionmaker of its views or of the views of another State agency, so that the tribunal will make a decision "consistent with the general welfare of the State." COMAR 14.24.06.01. As a general policy, the Department will exercise its right to participate only in those proceedings that are of "State or interjurisdictional interest." COMAR14.24.06.02.
With respect to local land use proceedings,[2] the regulations indicate that the Department may offer comments and participate in local proceedings concerning the adoption of a basic plan or of regulations that serve as a foundation for land use, development, or construction decisions within the locality. COMAR 14.24.06.03A. The regulations also detail the criteria that the Department will consider in deciding whether to intervene in "individual proceedings" — i.e., proceedings concerning zoning map amendments, special exceptions, variances, and other proceedings that normally involve a single property or small number of properties. COMAR 14.24.06.03B. Those criteria include: (1) consistency of the proposed action with State policies, plans, and programs; (2) its impact on State facilities; (3) its interjurisdictional impact; (4) its economic and environmental impact; (5) its compatibility with local plans and regulations; (6) its compatibility with State statutes and case law. COMAR 14.24.06.03B.
The regulations set forth a procedure for local governments, organizations, individuals, or other State agencies to request that the Department participate in a proceeding. Regardless of the source of the request, when the Department intervenes in a proceeding, it does so to state its own views or those of another State agency. COMAR 14.24.06.05. The regulations also indicate that the Department will attempt to coordinate its efforts with the Chesapeake Bay Critical Area Commission and other State agencies that may have an interest in particular proceedings. COMAR 14.24.06.07.
C. Exercise of Statutory Authority
The statute thus grants the Department broad authority to take a variety of actions with respect to local land use proceedings, ranging from formal intervention in a proceeding as a party to simply providing comments on a proposal. The statute confers substantial discretion on the Department to choose when and how to participate in local proceedings and does not compel the Department to take any particular type of action. We understand that historically the Department has generally elected to provide comments to local governments and has sparingly exercised its authority to intervene as a party.[3]
 II Conclusion
In summary, under SFP § 5-305, the Department of Planning has broad authority to intervene, or to otherwise express its views and those of other State agencies, in local land use proceedings.
 J. Joseph Curran, Jr. Attorney General
 Shelley S. Wasserman Assistant Attorney General
 Robert N. McDonald Chief CounselOpinions Advice
[1] Intervention in matters before a circuit court is currently governed by Rule 2-214. See also Rule 3-214 (intervention in District Court case).
[2] The regulations also state that the Department may intervene or otherwise participate in proceedings of regional, State, interstate, or federal agencies concerning land use plans and decisions. COMAR14.24.06.04.
[3] We understand that, since enactment of the statute in 1974, the Department has participated in numerous local matters, including proposed land use ordinances, rezoning petitions, and State permit requests. In the vast majority of those matters, the Department simply provided written comments on the local proposals; in a few instances, it provided expert testimony in administrative and judicial proceedings or formally intervened when the matter was on appeal. In recent years, the Department has generally not intervened formally as a party.
 *Page 8