869 A.2d 404

## HOWARD COUNTY DEPARTMENT OF SOCIAL SERVICES

v.

## LINDA J.

**No. 178, Sept. Term, 2004.**

Court of Special Appeals of Maryland.

Feb. 28, 2005.

Sandra Barnes (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellant.

Kenneth W. Ravenell (Creston P. Smith, on brief), Baltimore, for appellee.

Panel KRAUSER, MEREDITH and PAUL E., ALPERT (Retired, specially assigned), JJ.

KRAUSER, J.

Linda J.,[1] appellee, was charged with two counts of second degree assault for striking her eight-year-old foster daughter with a belt, causing welts to form on her forearm and thigh. Following an investigation of this incident, the Howard County Department of Social Services, appellant, found Linda J. "responsible" for "indicated child abuse." That meant that Ms. J.'s name would be placed in the agency's central registry of suspected child abusers. Challenging the Department's finding, Linda J. requested a "contested case hearing."

Declining to rule on that request until the criminal charges against Ms. J. were resolved, an administrative law judge ("ALJ") of the Maryland Office of Administrative Hearings ("OAH") stayed all further administrative proceedings pending a final disposition of those charges. That occurred when Linda J. pleaded guilty to one count of second degree assault and received a probation before judgment ("PBJ"). Based upon that disposition, the ALJ concluded that Ms. J. had been

---

1. At the request of counsel, we have designated appellee "Linda J." to preserve her privacy.

"found guilty" of a criminal charge arising out of the alleged abuse and, in accordance with Maryland law,[2] denied her request for a contested case hearing. That decision was, in turn, reversed by the Circuit Court for Howard County and the case was remanded by that court to the OAH for a contested case hearing.

Seeking to overturn the circuit court's decision granting Ms. J. a contested case hearing, appellant presents one question for our review:

Did the administrative law judge properly dismiss Linda. J.'s request for a contested case hearing pursuant to F.L. § 5–706.1(b)(3)(ii) because, notwithstanding the grant of probation before judgment, she was found guilty of a criminal charge arising out of the alleged abuse?

We conclude that the ALJ did properly dismiss Linda J.'s request for a contested case hearing for the reasons set forth below and shall therefore reverse the judgment of the circuit court.

## Background

On October 26, 2001, Linda J. was charged with two counts of second degree assault for repeatedly hitting her eight-year-old foster daughter, Tiasha, with a belt, leaving her with welts on her forearm and rear thigh. Three days later, appellant sent Ms. J. a letter notifying her that it had completed an investigation of the incident and had found her "responsible" for "indicated child abuse" and that she could appeal the finding by requesting a contested case hearing. The letter also informed Linda J. that, if she failed to appeal the finding, was unsuccessful in her appeal, or was found guilty of any criminal charge arising out of the alleged abuse, she could be identified as "responsible for indicated child abuse" in a cen-

---

**2.** Md.Code (1984, 1999 Repl.Vol., 2002 Cum.Supp.) § 5–706.1(b)(3)(ii) of the Family Law Article provides that, "[i]f after a final disposition of the criminal charge, the individual requesting the hearing is found guilty of any criminal charge arising out of the alleged abuse or neglect, the Office of Administrative Hearings shall dismiss the administrative appeal."

tral registry that is part of the Howard County Department of Social Services' confidential computerized database.

When Linda J. requested a contested case hearing to appeal the finding, the ALJ stayed the proceedings pending the resolution of the criminal charges that "ar[ose] out of the alleged abuse." On March 11, 2002, Linda J. pleaded guilty in the Circuit Court for Howard County to one charge of second degree assault. She was given a suspended sentence of two years' imprisonment, and was ordered to have no contact with the victim, to participate in an anger management program, and to complete thirty-five hours of community service. The court advised Ms. J. that it would consider modifying her sentence if she filed a motion for reconsideration or modification. On March 26, 2001, Linda J. filed a petition for reduction or modification of sentence requesting that the court "strike" the finding of guilt and enter a probation before judgment.

On April 29, 2002, appellant advised the OAH that Ms. J. had pleaded guilty to a charge of second degree assault "ar[ising] out of the same facts at issue in the contested case hearing" pending before the OAH and that under Maryland law Ms. J. was no longer entitled to a contested case hearing to appeal the "indicated child abuse" finding. Appellant then moved to dismiss Linda J.'s contested case hearing on the ground that Maryland law requires the OAH dismiss the contested case hearing of an individual "found guilty of any criminal charge arising out of the alleged abuse."

Linda J. opposed the motion, arguing that there was no "final disposition of the criminal charge[s]" until the circuit court ruled on the pending motion for modification of sentence. The ALJ agreed and denied appellant's motion to dismiss. Appellant later filed a second motion to dismiss Ms. J.'s contested case hearing on the ground that Ms. J. was collaterally estopped from challenging the agency's abuse finding. That motion was also denied.

On April 21, 2003, Linda J.'s counsel notified the OAH that the circuit court had granted appellee's request to have her

criminal sentence modified to probation before judgment. Thereafter, on July 2, 2003, the ALJ dismissed Linda J.'s request for a contested case hearing, finding that the grant of probation before judgment was a "final disposition of the criminal charge" and the requirements for dismissal of a contested case hearing under Maryland law were satisfied. That prompted Linda J. to petition the Circuit Court for Howard County for judicial review.

After hearing oral arguments, the circuit court reversed the ALJ's decision and remanded the matter to the OAH for a contested case hearing. The circuit court found that "[p]robation before judgment is not a verdict of guilt" as required by Maryland law and, thus, Ms. J. was entitled to a contested case hearing under the statute. Appellant then noted this appeal.

### Standard of Review

When reviewing an administrative agency decision, our role "is precisely the same as that of the circuit court." *Dep't Of Health & Mental Hygiene v. Shrieves*, 100 Md.App. 283, 303–04, 641 A.2d 899 (1994). We review only the decision of the administrative agency itself. *Ahalt v. Montgomery County*, 113 Md.App. 14, 20, 686 A.2d 683 (1996). We "do not evaluate the findings of fact and conclusions of law made by the circuit court." *Consumer Prot. Div. v. Luskin's, Inc.*, 120 Md.App. 1, 22, 706 A.2d 102 (1998), *rev'd in part on other grounds*, 353 Md. 335, 726 A.2d 702 (1999). "Thus, whether the circuit court applied the wrong standard of review is of no consequence if our own review satisfies us that the Board's decision was proper." *Giant Food, Inc. v. Dep't of Labor, Licensing & Regulation*, 124 Md.App. 357, 363, 722 A.2d 398 (1999), *rev'd on other grounds*, 356 Md. 180, 738 A.2d 856 (1999). To conduct a proper inquiry of an administrative agency's decision, we " 'must be able to discern from the record the facts found, the law applied, and the relationship between the two.' " *Sweeney v. Montgomery County*, 107 Md.App. 187, 197, 667 A.2d 922 (1995) (quoting *Forman v. Motor Vehicle Admin.*, 332 Md. 201, 221, 630 A.2d 753 (1993)).

■■■■■■■■■

### Discussion

■■ Appellant contends that the ALJ properly dismissed Linda J.'s request for a contested case hearing pursuant to Md.Code (1984, 1999 Repl.Vol., 2002 Cum.Supp.) § 5–706.1(b)(3)(ii) of the Family Law Article ("F.L.") because probation before judgment,[3] which Ms. J. received, requires a finding of guilt. *See* F.L. § 5–706.1(b)(3)(ii).

Family Law § 5–706.1 outlines the procedure for notification and appeal of a finding of "indicated child abuse or neglect." That statute provides, in part:

(a) Within 30 days after the completion of an investigation in which there has been a finding of indicated or unsubstantiated abuse or neglect, the local department shall notify in writing the individual alleged to have abused or neglected a child:

(1) of the finding;

(2) of the opportunity to appeal the finding in accordance with this section; and

(3) if the individual has been found responsible for indicated abuse or neglect, that individual may be identified in a central registry for abuse or neglect under the circumstances specified in § 5–14(e) of this subtitle.

(b)(1) In the case of a finding of indicated child abuse or neglect, an individual may request a contested case hearing to appeal the finding in accordance with Title 10, Subtitle 2 of the State Government Article by responding to the notice of the local department in writing within 60 days.

\*     \*     \*

(3)(i) If a criminal proceeding is pending on charges arising out of the alleged abuse or neglect, the Office of Administrative Hearings shall stay the hearing until a final disposition is made.

---

**3.** As noted above, Linda J. was indeed convicted and given a two year suspended sentence, a judgment that was subsequently modified to probation before judgment.

(ii) If after final disposition of the criminal charge, the individual requesting the hearing is found guilty of any criminal charge arising out of the alleged abuse or neglect, the Office of Administrative Hearings shall dismiss the administrative appeal.

In other words, when a local department of social services makes a finding of "indicated child abuse," the person identified as the alleged abuser may request a contested case hearing to appeal the finding under F.L. § 5–706.1(b)(i). But that request is to be denied "if after final disposition of the criminal charge, the individual requesting the hearing is found guilty of any criminal charge arising out of the alleged abuse or neglect." F.L. § 5–706.1(b)(3)(ii).

In sum, to deny Linda J.'s request for a hearing, appellant must show two things: first, that Linda J.'s criminal charges arose out of her alleged abuse of her foster daughter and, second, that Linda J. was "found guilty" of those charges. Since there is no dispute that the charges at issue arose out of Ms. J.'s alleged abuse of her foster daughter, we are left only with the question of whether she was "found guilty" of those charges.

Initially, we note that in choosing the words "found guilty" rather than "convicted," in F.L. § 5–706.1(b)(3)(ii), the legislature must be presumed to have understood and intended one and not the other. *Dillsworth v. State,* 66 Md.App. 263, 270, 503 A.2d 734 (1986)("In enacting the statute ... we presume that the legislature was aware of the words that it used"); *see also Prince George's County v. Vieira,* 340 Md. 651, 667, 667 A.2d 898 (1995)("the legislature knows how to prescribe a different requirement"). The difference between the two is that a "conviction" is "the final judgment and sentence rendered by the court," while a finding of guilt is "the mere determination of guilt." *Myers v. State,* 303 Md. 639, 645, 496 A.2d 312 (1985). That distinction, however, was not observed by the circuit court, which reversed the ALJ's decision to deny appellee a hearing on the ground that "[p]robation before

judgment is not a verdict of guilt" and that, having received a PBJ and not a guilty verdict, she was entitled to a hearing.

Linda J. pleaded guilty to one count of second degree assault and received a probation before judgment under Md. Code (2001, 2004 Cum.Supp.), § 6–220 of the Criminal Procedure Article ("C.P."). That statute states, in part:

> (b)(1) When a defendant pleads guilty or nolo contendere or is found guilty of a crime, a court may stay the entering of judgment, defer further proceedings, and place the defendant on probation subject to reasonable conditions if:
>
> (ii) the defendant gives written consent after determination of guilt or acceptance of a nolo contendere plea.
>
> *    *    *
>
> (f) On violation of a condition of probation, the court may enter judgment and proceed as if the defendant had not been placed on probation.
>
> (g)(1) On fulfillment of the conditions of probation, the court shall discharge the defendant from probation.
>
> (2) The discharge is a final disposition of the matter.
>
> (3) Discharge of a defendant under this section shall be without judgment of conviction and is not a conviction for the purpose of any disqualification or disability imposed by law because of conviction of a crime.

■ The probation before judgment statute plainly requires that a determination of guilt must precede the granting of probation before judgment. *Board of License Commissioners for Anne Arundel County v. Corridor Wine, Inc.*, 361 Md. 403, 408 n. 4, 761 A.2d 916 (2000)(the probation before judgment statute does not permit probation without a prior "determination of guilt"). Although no transcript of the proceedings in which the PBJ was granted to Linda J. has been made available to us, there is no indication that such a determination was not made, nor does Ms. J. contend otherwise.

■ Moreover, the guilty plea that Linda J. entered to obtain the probation before judgment satisfies the statute's requirement of a finding of guilt. A guilty plea " 'is an

admission of conduct that constitutes all the elements of a formal criminal charge.' " *Metheny v. State,* 359 Md. 576, 599, 755 A.2d 1088 (2000)(internal citations omitted). Indeed, " '[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of the substantive crime.' ... 'It supplies both evidence and verdict, [thus] ending [the] controversy.' " *Id.* (internal citations omitted).

Therefore, because Linda J.'s criminal charges arose out of her alleged abuse of her foster daughter and she was "found guilty" of one of those charges, we shall reverse the judgment of the circuit court.

**JUDGMENT OF THE CIRCUIT COURT FOR HOW-ARD COUNTY REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE DECISION OF THE OFFICE OF ADMINISTRATIVE HEARINGS. COSTS TO BE PAID BY APPELLEE.**