J-A16013-21

2021 PA Super 232

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GARRETT JAMES HAYES | : | No. 3 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 24, 2020,
in the Court of Common Pleas of Adams County,
Criminal Division at No(s): CP-01-CR-0000190-2020.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

OPINION BY KUNSELMAN, J.:                    **FILED DECEMBER 02, 2021**

The Commonwealth appeals from the judgment of sentence imposing five years' probation (with 90 days of restrictive, driving-under-the-influence conditions) against Garrett James Hayes.[1]  The sentencing court determined that this was Hayes' second DUI offense; it did not consider his driving-while-intoxicated ("DWI") case from Maryland in 2011 to be a prior offense, under **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020).[2]  This holding

---

[*] Former Justice specially assigned to the Superior Court.

[1] Sitting without a jury, the trial court convicted Hayes under 75 Pa.C.S.A. §§ 3709(a) (littering on the highway), 3714(a) (careless driving), 3802(a)(1) (DUI), and 3802(c) (DUI – highest rate of alcohol).

[2] In **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), this Court concluded that 75 Pa.C.S.A. § 3806(a)(1)'s inclusion of ARD as a "prior offense" for purposes of Section 3804's DUI sentencing enhancement is unconstitutional, because "ARD . . . is a pretrial disposition and admission into an ARD program is not equivalent to a conviction . . . since charges are deferred until completion of the program."  **Id.** at 970 (internal quotations and citations omitted).

rested upon a misinterpretation of Maryland's procedural law. Therefore, we vacate the sentence and remand.

Prior to the offense at issue in this case, Hayes was twice arrested for DWI in the State of Maryland: once in 2011 and again in 2014. In 2019, the Commonwealth of Pennsylvania charged him with DUI, third offense.

Hayes moved to exclude evidence of his 2011 DWI. As the trial court noted:

> [he] filed a motion *in limine* to bar admission of evidence underlying a prior probation before judgment for DUI recidivist sentencing purposes. [Hayes] argued that [his] prior probation before judgment ("PBJ") disposition in Maryland on July 14, 2011, as evidence of a "prior offense" under 75 Pa.C.S.A. § 3806 of the Vehicle Code, was barred by the Superior Court case ***Commonwealth v. Chichkin***, ***supra***.
>
> [At the hearing on the motion *in limine*,] the only evidence presented by the Commonwealth was a document from the District Court for Carroll County, Maryland for a Garrett James Hayes. It showed a disposition on July 14, 2011, with a plea of not guilty and disposition of [PBJ] for driving/attempting to drive vehicle while under the influence of alcohol *per se*. [The trial court] entered an order on October 20, 2020 granting [the] Motion *in Limine* to Bar Admission of Evidence Underlying a Prior PBJ for DUI Recidivist Sentencing Purposes.
>
> On November 24, 2020 a stipulated nonjury trial was held[, and Hayes] was found guilty [on two counts of DUI]. The Commonwealth presented a certified document from the District Court for Carroll County, Maryland for Garrett James Hayes, showing a July 14, 2011 plea of not guilty with a disposition of [PBJ] for driving, attempting to drive vehicle while under the influence of alcohol *per se*.

Trial Court Opinion, 2/10/21, at 1-2.

- 2 -

After reviewing the documents from the District Court of Carroll County, the sentencing court opined that, under **Chichkin**, **supra**, "the issue is whether [Hayes'] prior acceptance of a PBJ in Maryland constitutes an unproven 'fact' which must be submitted to the fact finder at trial or a 'prior conviction' which may be determined by the Court at sentencing." **Id.** at 4. The court ruled the certified document was not proof of a "prior offense," because it indicated that Hayes pleaded not guilty before the District Court of Carroll County, which then imposed a PBJ. The sentencing court went on to state, "As set forth in section 6-220(g)(1) of the Maryland Code of Criminal Procedure, after successful completion of a PBJ disposition, the case is discharged without a conviction being recorded." **Id.** at 5.

Thus, the sentencing court held "that the PBJ disposition from July 14, 2011 [did] not meet the 'prior conviction exception' and [the Commonwealth] did not prove beyond a reasonable doubt that [Hayes'] actually committed the prior DUI offense" in 2011. **Id.** at 6. Therefore, the court did not count Hayes' 2011 DWI as a prior DUI offense when calculating his mandatory-minimum sentence under Pennsylvania law. This timely appeal followed.

The Commonwealth raises two issues, which we have reordered so that the non-constitutional issue appears first.[3] They are:

> 1. Did the [sentencing] court err in finding that a [PBJ] under Maryland Law does not constitute a prior

---

[3] We thereby "adhere to the sound tenet of jurisprudence that courts should avoid constitutional issues when the [case] may be decided upon other grounds." **Commonwealth v. Herman**, 161 A.3d 194, 209 (Pa. 2017).

offense for purposes of sentencing on a new DUI when that disposition requires either that a defendant admit guilt or that the state prove culpability beyond a reasonable doubt before it can be imposed?

2.  Did the [sentencing] court err in ruling that the fact of a prior conviction for purposes of gradation and determination of DUI offense for sentencing purposes is required to be proven by the Commonwealth at the time of trial, as opposed to an issue to be determined at the time of sentence?

Commonwealth's Brief at 6.

First, the Commonwealth contends the trial court misinterpreted the Maryland statute on PBJ dispositions. The Commonwealth concedes that the documents from the Maryland court indicate Hayes pleaded not guilty in 2011. However, it contends, as a matter of Maryland law, Hayes' 2011 PBJ for DWI "could only be entered upon either a plea of guilty or *nolo contendere*, or a finding of guilt beyond a reasonable doubt." ***Id.*** at 11.

It argues the only logical "conclusion to draw, in light of the governing [Maryland statute, is] that [Hayes] pleaded not guilty before being adjudicated guilty and given a PBJ disposition in lieu of sentence." ***Id.*** "Because that PBJ could only have been entered after a finding or admission of guilt beyond a reasonable doubt, the lower court erred in sentencing [Hayes] on a second offense DUI," as opposed to his third. ***Id.*** at 11-12.

In response, like the sentencing court, Hayes focuses upon the fact that the certified document indicates he pleaded not guilty. ***See*** Hayes' Brief at 7-8. He claims, "The Commonwealth argued that a PBJ should at least be treated differently than ARD, but then brazenly admitted only evidence that

specifically said there was a plea of not guilty attached to the PBJ disposition." *Id.* at 8. In his view, "Similar to ARD, a PBJ does not result in a conviction if the conditions are satisfied, and, therefore, the same due process concerns [that arose in ***Chichkin***] are present." *Id.* at 9.

This issue implicates the legality of Hayes' sentence. "A challenge to the legality of sentence is a question of law; our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Alston***, 212 A.3d 526, 528 (Pa. Super. 2019).

The General Assembly of Pennsylvania has defined "prior offense" for sentencing purposes as "any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition, or other form of preliminary disposition . . . ." 75 Pa.C.S.A. § 3806(a). At issue here is the phrase "other form of preliminary disposition" and whether Hayes' 2011 PBJ disposition falls within the scope of that clause.

To make that determination, we turn to the Maryland statute governing PBJ dispositions. The Maryland General Assembly has provided district courts with the power to "stay the entering of judgment [of sentence]; defer further proceedings, and place the defendant on probation . . . if . . . the defendant gives written consent after determination of guilt or acceptance of a *nolo contendere* plea." Md.Code A., Crim. Proc. § 6-220(b)(1)(ii). But, if the defendant violates the conditions of probation, "the court may enter judgment

[of sentence] and proceed as if the defendant had not been placed on probation." Md.Code A., Crim. Proc. § 6-220(f).

Under Maryland law, a conviction is "the final judgment and sentence rendered by the court," while a finding of guilt is "the mere determination of guilt." *Myers v. State*, 496 A.2d 312 (Md. 1985). Thus, because the PBJ does not impose a final judgment and sentence but only a determination of guilt, the statute provides district courts with a procedure for a "preliminary disposition" of the case without a formal conviction or judgment of sentence. 75 Pa.C.S.A. § 3806(a). Hence, a Maryland PBJ is a "form of preliminary disposition" that meets the definition of "prior offense" under the Pennsylvania law. *Id.*

However, here, the sentencing court declared the phrase "preliminary disposition" in Section 3806(a) to be repugnant to the Fourteenth Amendment to the Constitution of the United States. That Amendment dictates that "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."[4] U.S. Const. amnd. XIV. Applying that provision, the sentencing court extended the rationale of *Chichkin*, *supra*, to hold that "preliminary disposition" was not severable from "acceptance of Accelerated Rehabilitative Disposition," the clause *Chichkin* declared unconstitutional.

---

[4] The court of common pleas first declared the phrase "preliminary offense" unconstitutional when Hayes filed his motion *in limine*. The court repeated its declaration of unconstitutionality at sentencing, when the Commonwealth admitted the Maryland record to enhance Hayes' DUI to a third offense.

**Chichkin** found that the Due Process Clause bars the General Assembly of Pennsylvania from counting an acceptance of ARD as a prior conviction for DUI-recidivist-sentencing under 75 Pa.C.S.A. § 3806(a). We based this ruling on **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Alleyne v. United States**, 570 U.S. 99 (2013), and held that ARD is a "pretrial disposition of charges." **Chichkin**, 232 A.3d at 967.

Relying on **Alleyne**, we opined that, because "prior acceptances of ARD do not constitute convictions 'cloaked in all the constitutional safeguards [of due process],' . . . they are a 'fact' that . . . must be presented to the fact finder and determined beyond a reasonable doubt before a trial court may impose a mandatory minimum sentence under Section 3804." **Id.** at 968. We declared the "portion of 75 Pa.C.S.A. § 3806(a), which statutorily equates a prior acceptance of ARD to a prior conviction for purposes of subjecting a defendant to a mandatory minimum sentence under Section 3804, is unconstitutional." **Id.** at 968. Thus, under **Chichkin**, acceptance of ARD may only serve as a prior offense if the Commonwealth proves "beyond a reasonable doubt, that the defendant actually committed the prior DUI offense." **Id.** at 971.

Here, the sentencing court combined the above logic with the fact that the Maryland PBJ documentation indicated Hayes pleaded not guilty. The court concluded that PBJ is the equivalent of Pennsylvania's ARD. Thus, the sentencing court inferred that a PBJ is not a "conviction" and, therefore, is not "cloaked in all the constitutional safeguards" of due process. **Id.** at 968. This

- 7 -

determination rested upon a misapprehension of Maryland criminal procedure. The sentencing court drew a false equivalency between PBJ and ARD.

In Pennsylvania, ARD is a pretrial, diversionary program under the control of the district attorneys' offices. "[T]he decision to submit the case for ARD rests in the sound discretion of the district attorney and . . . the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender." ***Commonwealth v. Lutz***, 495 A.2d 928, 935 (Pa. 1985). Thus, the defendant who successfully completes ARD never admits guilt, nor does a court find the defendant guilty beyond a reasonable doubt. It was the absence of any guilt determination that the ***Chichkin*** Court found to be violative of ***Alleyne***, ***supra***, if an ARD disposition is later counted as a prior offense.

By contrast, the Maryland PBJ disposition is a post-trial matter of grace within the sentencing discretion of Maryland's district courts. The statute provides, "***When a defendant pleads guilty or* nolo contendere *or is found guilty of a crime***, a court may stay the entering of judgment, defer further proceedings, and place the defendant on probation . . . if . . . the defendant gives written consent __***after***__ determination of guilt or acceptance of a *nolo contendere* plea." Md.Code A., Crim. Proc. § 6-220(b)(1)(ii) (emphasis added).

"The probation before judgment statute plainly requires that a determination of guilt must precede the granting of probation before

judgment." ***Howard Cty. Dep't Of Soc. Servs. v. Linda J.***, 869 A.2d 404, 409 (Md. App. 2005). This requirement allows the Maryland district courts "to revoke probation [if violated] and to impose a sentence for the original offense without the necessity of conducting a *de novo* trial on the merits." ***Myers***, 496 A.2d at 315. Thus, Hayes' not guilty plea has no bearing on our analysis; the Maryland court could not have imposed PBJ disposition without a finding of guilt or a plea of guilty or *nolo contendere*.

Therefore, we conclude that the due process safeguards missing from Pennsylvania's ARD program were present in Hayes' 2011 DWI trial before the District Court of Carroll County. As such, the burden-of-proof requirements of ***Alleyne***, ***supra***, were satisfied through the procedural safeguards found in Maryland law. The sentencing court erred by not treating the 2011 DWI as a prior conviction under 75 Pa.C.S.A. § 3806(a).

Based on this conclusion, we need not address the Commonwealth's second issue, regarding the trial court's declaration of unconstitutionality.

Judgment vacated. Case remanded for resentencing as a third-offense DUI.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/02/2021