J-S02030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GEORGE THOMAS SHIFFLETT | : | No. 1480 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 22, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000650-2022

BEFORE: PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.: **FILED APRIL 24, 2023**

Appellant, the Commonwealth of Pennsylvania ("the Commonwealth")

appeals from the September 22, 2022 judgment of sentence[1] entered in the

Court of Common Pleas of Adams County.[2] In imposing sentence on George

Thomas Shifflett ("Shifflett"), the trial court considered Shifflett's present

---

[1] The trial court imposed its sentence on September 22, 2022, as discussed *infra*. The sentencing order, however, was not entered on the trial court docket until September 30, 2022. A judgment of sentence exists as of the date a sentence is announced in open court regardless of the date the sentencing order is filed. ***Commonwealth v. Green***, 862 A.2d 613, 619 (Pa. Super. 2004) (*en banc*), *appeal denied*, 882 A.2d 477 (Pa. 2005). Thus, the judgment of sentence in the case *sub judice* is properly identified as having been imposed on September 22, 2022, the date the trial court announced the sentence in open court. N.T., 9/22/22, at 2-3. The caption has been corrected accordingly.

[2] Pennsylvania Rule of Criminal Procedure 721 permits the Commonwealth to "challenge a sentence by filing a motion to modify sentence, by filing an appeal on a preserved issue, or by filing a motion to modify sentence followed by an appeal." Pa.R.Crim.P. 721(A)(1).

conviction for driving under the influence of alcohol and drugs, or a combination of drugs,[3] ("DUI") to be his first DUI offense and sentenced Shifflett to, *inter alia*, six months' probation. We vacate Shifflett's judgment of sentence and the trial court's July 29, 2022 order, as discussed *infra*, and remand this case for resentencing in accordance with this memorandum.

The record demonstrates that on July 21, 2022, Shifflett pleaded guilty generally to one count of DUI.[4] N.T., 7/21/22, at 6, **see also** Trial Court Order, 8/5/22; N.T., 9/22/22, at 2. At the plea hearing, to preserve the issue for possible appeal, the Commonwealth asserted that Shifflett had been previously convicted of a DUI offense ("ARD-DUI") and that the prior ARD-DUI conviction, despite being disposed of pursuant to the accelerated rehabilitative disposition program,[5] qualified as a prior DUI offense for purpose of

---

[3] 75 Pa.C.S.A. § 3802(d)(3).

[4] The Commonwealth charged Shifflett with, *inter alia*, DUI as a second offense. Criminal Information, 6/3/22, at Count 6.

[5] This Court previously described the accelerated rehabilitative disposition program ("ARD") as follows:

> In Pennsylvania, ARD is a pretrial, diversionary program under the control of the district attorneys' offices. The decision to submit the case for ARD rests in the sound discretion of the district attorney[,] and the attorney for the Commonwealth must be free to submit a case[,] or not submit [a case,] for ARD consideration based on his[, or her,] view of what is most beneficial for society and the offender. Thus, [a] defendant who successfully completes ARD never admits guilt, nor does a [trial] court find the defendant guilty beyond a reasonable doubt.

sentencing. N.T., 7/21/22, at 2 (stating, "the Commonwealth is still asserting that a prior [ARD-DUI] should count as a prior offense [for purpose of sentencing] and that we would have the opportunity at sentencing [to] prove the prior [ARD-DUI]"); *see also* Trial Court Order, 8/5/22 (noting that, "[t]he Commonwealth alleges [Shifflett's current DUI conviction] is a [second offense] based on a prior ARD[-DUI, and Shifflett] alleges [his current DUI conviction] is a first offense DUI for sentencing purposes"). Shifflett pleaded guilty generally to the DUI conviction and contested that his DUI was a second offense. N.T., 7/21/22, at 2, 6; *see also* N.T., 9/22/22, 2.

On July 28, 2022, Shifflett filed a motion to exclude admission and consideration of his alleged prior ARD-DUI offense at the time of sentencing. In his motion to exclude his alleged prior ARD-DUI, Shifflett asserted, *inter alia*, that evidence of his alleged prior ARD-DUI "is not admissible under ***Alleyne v. United States***, 133 S. Ct. 2151, 2163 (2013)[, as well as] ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. [] 2020)[,] and should not be considered for the purpose of a 'prior offense' under 75 Pa.C.S.A. § 3806." Motion to Exclude Admission and Consideration of Alleged Prior Offense at Sentencing, 7/28/22, at ¶4(b). On July 29, 2022, the trial court granted Shifflett's motion to exclude admission and consideration of his alleged prior ARD-DUI at sentencing. Trial Court Order, 7/29/22.

---

***Commonwealth v. Hayes***, 266 A.3d 679, 684 (Pa. Super. 2021) (citations, quotation marks, ellipsis, and original brackets omitted).

On September 22, 2022, the trial court imposed a sentence of six months' probation with a restrictive DUI condition of ten days of house arrest with electronic monitoring.[6]  N.T., 9/22/22, at 2; **see also** Sentencing Order, 9/30/22.  This appeal follows.[7]

The Commonwealth raises the following issue for our review:

> Did the trial court err in barring consideration of [Shifflett's] prior ARD-DUI without providing [the Commonwealth] the opportunity to prove, beyond a reasonable doubt, that [Shifflett] actually committed the prior [ARD-DUI] offense?

Commonwealth's Brief at 6 (extraneous capitalization omitted).

The Commonwealth's issue raises a challenge to the legality of Shifflett's sentence for which our standard and scope of review are well-settled. **Commonwealth v. Richards**, 284 A.3d 214, 217 (Pa. Super. 2022) (*en banc*) (stating, whether placement in ARD following a prior arrest for driving under the influence constitutes a prior conviction for sentencing purposes implicates the legality of a sentence (*relying on **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013)), *appeal granted*, ____ A.3d ____, 2023 WL 2520895 (Pa. filed Mar. 15, 2023) (slip copy).  "A challenge to the legality of sentence is a question of law[ for which] our standard of review is *de novo*

---

[6] As part of his sentence, Shifflett was also ordered to undergo a drug and alcohol evaluation and complete any treatment recommendations and to pay a mandatory fine of $1,000.00, as well as $283.00 in court costs.  N.T., 9/22/22, at 2; **see also** Sentencing Order, 9/30/22.

[7] Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

and our scope of review is plenary." ***Richards***, 284 A.3d at 217, *quoting*

***Commonwealth v. Alston***, 212 A.3d 526, 528 (Pa. Super. 2019).

Here, the Commonwealth asserts that the trial court erred in granting

Shifflett's motion to exclude admission and consideration of his prior ARD-DUI

at the time of sentencing for his current DUI conviction. Commonwealth's

Brief at 12. The Commonwealth argues that this Court's *en banc* decisions in

***Richards***, ***supra***, and ***Commonwealth v. Moroz***, 284 A.3d 227 (Pa. Super.

2022) (*en banc*), correctly held that 75 Pa.C.S.A. § 3606(a) equates a prior

ARD-DUI to a prior conviction for purpose of imposing a mandatory minimum

sentence pursuant to 75 Pa.C.S.A. § 3804 and is constitutionally sound and

does not violate ***Apprendi v. New Jersey***, 530 U.S. 466 (2000) and ***Alleyne***,

***supra***. Commonwealth's Brief at 12. The trial court, in its Rule 1925(a)

opinion, agrees with the Commonwealth's position. Rule 1925(a) Opinion,

11/28/22 (stating that, the trial court "mistakenly granted [Shifflett's] motion

to exclude admission and consideration of [his] alleged [prior ARD-DUI] at

sentencing" based upon ***Richards***, ***supra***, and ***Moroz***, ***supra*** (extraneous

capitalization omitted)).

Section 3804(c) of the Vehicle Code sets forth the mandatory minimum

sentencing for an individual who violates Section 3802(d), in pertinent part,

as follows:

> (1) For a first offense, to:
>
>> (i) undergo imprisonment of not less than 72 consecutive
>> hours;

(ii) pay a fine of not less than $1,000[.00] nor more than $5,000[.00];

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under [75 Pa.C.S.A. §§ ]3814 and 3815.

(2) For a second offense, to:

(i) undergo imprisonment of not less than 90 days;

(ii) pay a fine of not less than $1,500[.00];

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under [S]ections 3814 and 3815.

75 Pa.C.S.A. § 3804(c)(1 and 2). Section 3806 defines "prior offense," in pertinent part, as follows"

the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of [ARD,] or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

75 Pa.C.S.A. § 3806(a)(1).

In **Chichkin**, **supra**, this Court, in a three-judge panel, held that,

because [a defendant's] prior acceptances of ARD do not constitute convictions cloaked in all the constitutional safeguards, [the prior acceptance of ARD is] a "fact" that, pursuant to **Alleyne**, **Apprendi**, and their progeny, must be presented to the fact[-]finder and determined beyond a reasonable doubt before a trial court may impose a mandatory minimum sentence under Section 3804.

*Chichkin*, 323 A.3d at 968 (footnote and some quotation marks omitted). The *Chichkin* Court held that the "portion of [Section] 3806(a), which statutorily equates a prior acceptance of ARD to a prior conviction for purposes of subjecting a defendant to a mandatory minimum sentence under Section 3804, is unconstitutional." *Id.* (footnote omitted).

In *Richards*, *supra*, and *Moroz*, *supra*, *en banc* panels of this Court expressly over-ruled *Chichkin*, holding that "the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." *Richards*, 284 A.3d at 220; *see also Moroz*, 284 A.3d at 233. Thus, "a defendant's prior acceptance of ARD fits within the limited 'prior conviction' exception set forth in *Apprendi* and *Alleyne*."[8] *Richards*, 284 A.3d at 220; *see also Moroz*, 284 A.3d at 233.

Recently, our Supreme Court, in a divided court, addressed the issue of whether prior acceptance of ARD fell within the "prior conviction" exception of *Apprendi* and *Alleyne*. *Commonwealth v. Verbeck*, ___ A.3d ___, 2023 WL 2342405 (Pa. filed Feb. 28, 2023) (slip copy). In *Verbeck*, Verbeck was found guilty of, *inter alia*, driving under the influence – general impairment

---

[8] In *Alleyne*, the Supreme Court of the United States recognized its prior decision that carved out a "prior conviction exception" to the general rule that any fact that subjects a defendant to a mandatory minimum sentence must be submitted to the jury and determined beyond a reasonable doubt. *Alleyne*, 570 U.S. at 111 n.1, *citing Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

pursuant to 75 Pa.C.S.A. § 3802(a). ***Verbeck***, \_\_\_\_ A.3d \_\_\_\_, 2023 WL 2342405, at \*1. At sentencing, the trial court was aware that Verbeck had previously been charged with a DUI offense that had been resolved through the ARD program. ***Id.*** In fashioning its sentence, the trial court treated Verbeck's driving under the influence – general impairment offense as a second offense because of his prior DUI that had been resolved through the ARD program, and sentenced Verbeck to a mandatory minimum sentence pursuant to Section 3804(a)(2). ***Verbeck***, \_\_\_\_ A.3d \_\_\_\_, 2023 WL 2342405, at \*2. On direct appeal, this Court vacated Verbeck's judgment of sentence as it related to his driving under the influence – general impairment conviction and remanded for resentencing on the driving under the influence – general impairment as a first offense pursuant to this Court's then-recent decision in ***Chichkin***, ***supra***. ***Verbeck***, \_\_\_\_ A.3d \_\_\_\_, 2023 WL 2342405, at \*3; ***see also Commonwealth v. Verbeck***, 253 A.3d 266 (Pa. Super. filed Apr. 9, 2021) (unpublished memorandum). This Court's order vacating Verbeck's judgment of sentence as it related to his driving under the influence – general impairment conviction was affirmed by our Supreme Court in a *per curiam* order because our Supreme Court, upon discretionary review, was evenly divided in its mandate. ***Verbeck***, \_\_\_\_ A.3d \_\_\_\_, 2023 WL 2342405, at \*1.

Justice Mundy, writing in support of reversal, held that "under Sections 3804 and 3806 of the Vehicle Code, a defendant's prior ARD acceptance may constitutionally be treated by the sentencing court as a prior offense" without offending ***Apprendi*** and ***Alleyne***. ***Verbeck***, \_\_\_\_ A.3d \_\_\_\_, 2023 WL

2342405, at *12 (joined by JJ. Dougherty and Brobson). Justice Mundy

reasoned that,

> A defendant charged as a first-time DUI offender is under no legal compulsion to accept ARD and, as such, enjoys the full panoply of constitutional rights attendant to a criminal prosecution. By the time such a defendant accepts ARD, he[, or she,] has been advised of the charges against him, [or her,] and a preliminary hearing has been held or voluntarily waived. [The defendant] has had a chance to obtain a lawyer or have one appointed for him, [or her,] and to review pretrial discovery. Even if he[, or she,] is offered the option of resolving charges through ARD, he[, or she,] is under no obligation to do so and may assert his[, or her,] right to have the Commonwealth prove every element of the offense beyond a reasonable doubt. If [a defendant] applies to resolve the charges through ARD, any information he[, or she,] supplies in connection with that application cannot be used against him[, or her,] for any purpose (other than prosecution for giving false information). Assuming the defendant wishes to proceed with ARD, Section 3806(a) puts him[, or her,] on notice that successful completion of the program will count as a "prior offense" in the event he[, or she,] re-offends. [The defendant] thus voluntarily accepts that state of affairs as a necessary corollary to a benefit he[, or she,] presently receives by avoiding criminal penalties. Furthermore, during the proceedings, a court hearing is held with the defendant's counsel present in which the [trial] court ensures that the defendant understands and agrees to the terms of the program. The [trial] court then holds an off-the-record inquiry into the underlying facts at which time interested parties, including the defendant and the victim (if any), may present information. Again, the information the defendant gives during that hearing may not be used against him[, or her]. If at the end of the hearing, the [trial] court agrees that ARD is appropriate, the record is opened and the defendant states affirmatively whether he[, or she,] accepts the conditions and agrees to comply with them. An ARD participant who violates the conditions of the program is returned to the *status quo ante*, and retains the same constitutional rights as before.

*Verbeck*, ___ A.3d ___, 2023 WL 2342405, at *7 (citations and footnote

omitted). Justice Mundy explained that,

- 9 -

if the defendant re-offends, it would make little sense to read **Apprendi** as requiring that the fact of his[, or her,] earlier ARD acceptance must be proved to a jury beyond a reasonable doubt. Imposing such a requirement would raise the risk of unfairness the Supreme Court [of the United States] expressly sought to avoid in **Almendarez-Torres** because prior-bad-acts evidence would have to be put before [a] jury. It would make even less sense to require the Commonwealth to prove guilt of the prior charge beyond a reasonable doubt, as **Chichkin** held.

**Verbeck**, ___ A.3d ___, 2023 WL 2342405, at *8 (citation omitted). The Commonwealth, Justice Mundy explained, would still be required to "establish the existence of the prior ARD acceptance *via* certified records or by whatever other means of proof the Commonwealth wishes to use" but the treatment of a DUI offense that was resolved through the ARD program as a prior offense pursuant to Sections 3804 and 3806 is constitutionally sound. Thus, the opinion in support of reversal in **Verbeck** expressed support to uphold this Court's decisions in **Richards** and **Moroz**.

Chief Justice Todd, writing in support of affirmance, held that "the language in Section 3806[,] which includes acceptance of ARD as a prior offense and directs the trial court at sentencing to determine the number of ARD acceptances, if any, for purposes of enhancing the defendant's sentence, is unconstitutional under **Apprendi** and **Alleyne**." **Verbeck**, ___ A.3d ___, 2023 WL 2342405, at *12 (joined by JJ. Donohue and Wecht).[9] Chief Justice Todd reasoned that "ARD acceptance does not offer the constitutional

---

[9] Justice Wecht wrote separately in support of affirmance. **Verbeck**, ___ A.3d ___, 2023 WL 2342405, at *18-*27. Justice Donohue joined Justice Wecht's opinion in support of affirmance. **Id.** at *27.

safeguards that accompany a criminal conviction, safeguards on which the Supreme Court [of the United States] based its tolerance for excepting prior convictions from the ***Apprendi/Alleyne*** general rule." ***Id.*** at \*16 (stating that, "[i]ndeed, ARD acceptance lacks the reliability of a prior conviction, as ARD acceptance evidently has no inherent reliability, considering that, if the conditions of the program are violated, the Commonwealth begins again and proceeds with a trial *de novo* on the deferred charges[,] a trial at which the defendant's statements at the ARD hearing are not admissible"). Chief Justice Todd explained,

> our criminal procedural rules do not require a determination of guilt to be made during an ARD proceeding, as the rules do not place upon the Commonwealth the burden to prove the defendant's culpability beyond a reasonable doubt, nor do they require the defendant to admit guilt. Further, our criminal procedural rules do not require that the defendant be informed that acceptance into the ARD program may serve as a prior offense for purposes of future sentence enhancement. [Pennsylvania] Rule of Criminal Procedure 312 requires only that the record reflect the defendant's understanding that: (1) acceptance and satisfactory completion of the ARD program offers an opportunity to earn dismissal of the pending charges; and (2) should the defendant fail to complete the ARD program, the defendant waives the applicable statute of limitations and the constitutional right to a speedy trial during the enrollment period. The defendant is not informed that his[, or her,] ARD acceptance will act as a waiver of the constitutional protections afforded by ***Apprendi*** and ***Alleyne***, which otherwise apply to sentence enhancements untethered to a prior conviction. Upon successful completion of the ARD program, the defendant may move for dismissal of the charges and, absent objection by the Commonwealth, the defendant's arrest record is expunged. Finally, and most notably, no criminal penalty results from a defendant's violation of the ARD conditions; rather, if the ARD conditions are violated, the case proceeds on the deferred criminal charges as provided by law.

*Verbeck*, \_\_\_ A.3d \_\_\_, 2023 WL 2342405, at *16 (citations omitted). Because "the defendant is not informed that his[, or her,] acceptance of ARD may serve to enhance his[, or her,] sentence in a subsequent DUI matter or that he[, she,] waives the constitutional protections afforded by *Apprendi* and *Alleyne*[,] there can be no knowing and voluntary waiver of the constitutional guarantees afforded by those decisions." *Id.* at *17. Thus, the opinion in support of affirmance expressed support to overturn this Court's decisions in *Richards* and *Moroz*, and return to the holding set forth in *Chichkin*.

Turning to the case *sub judice*, we discern that the trial court erred as a matter of law in granting Shifflett's motion to exclude admission and consideration of evidence pertaining to his ARD-DUI prior to sentencing him for the current DUI offense. Pursuant to *Richards*, *supra*, and *Moroz*, *supra*, which remain current and binding precedents in light of our Supreme Court's non-precedential determination in *Verbeck*, *supra*, the Commonwealth was permitted to introduce evidence of Shifflett's prior ARD-DUI at the time of sentencing to establish that his current DUI offense was a second offense. The trial court can then consider the evidence in reaching a conclusion on whether the ARD-DUI constituted a "prior conviction" (a first offense in the case *sub judice*) for purpose of sentencing Shifflett pursuant to Section 3804 of the Vehicle Code without offending the constitutional protections afforded by *Apprendi*, *Alleyne*, and their progeny. *Richards*, 284 A.3d at 220; *see also Moroz*, 284 A.3d at 233. Because the

Commonwealth was prohibited from establishing that Shifflett's current DUI was a second offense for purpose of sentencing, we vacate Shifflett's judgment of sentence, reverse the trial court's July 29, 2022 order granting Shifflett's motion to exclude admission and consideration of his alleged prior ARD-DUI at sentencing, and remand this case for resentencing in accordance with this memorandum.[10]

Judgment of sentence vacated. Order reversed. Case Remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/24/2023

---

[10] Based upon the record before us, we do not express whether Shifflett's alleged ARD-DUI constitutes a second offense. The Commonwealth, at the resentencing hearing, is required to establish the validity of Shifflett's ARD-DUI *via* certified records or by whatever means the Commonwealth deems appropriate. The trial court must then determine whether the Commonwealth sufficiently established a second DUI offense pursuant to Section 3806(a)(1) for purpose of fashioning Shifflett's new sentence.