J-S46038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASSEEME CURTIS HARRIS | : | |
| | : | |
| Appellant | : | No. 920 WDA 2022 |

Appeal from the Judgment of Sentence Entered July 26, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000140-2021

BEFORE: DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: July 18, 2024**

Asseeme Curtis Harris ("Harris") appeals *pro se* from the judgment of sentence imposed following his convictions for robbery and related offenses.[1] Additionally, Harris has filed an application for relief seeking a copy of a Commonwealth exhibit. We affirm the judgment of sentence and deny the application.

The trial court set forth the following factual and procedural history:

> On the evening of December 4, through the early morning of December 5, 2020, Joshua Karman [("Karman")] was working the graveyard shift at the Bethel Park Sunoco. At approximately 1:00 am, a man and woman entered the store. The man approached [] Karman and asked if the manager was there. When [] Karman answered in the negative, the man pulled out a gun, instructed [] Karman to place his cell phone on the counter, and demanded the money from the register. The actor ordered [] Karman not to touch the trap bill. The female accomplice took lighters from the display case and cigarette cartons from behind

---

[1] *See* 18 Pa.C.S.A. § 3701(a)(1)(ii).

the counter. [] Karman was ordered into the bathroom where he stayed until he heard another customer enter the store. At that point, [] Karman called the police from the store's land line phone.

Detective Giles Wright [("Detective Wright")] with the Bethel Park Police Department responded to the Sunoco Station and was the lead investigator on the case. Detective Wright reviewed security footage from Sunoco. From the store surveillance films, Detective Wright ascertained that the suspect was African-American. The video also provided additional physical attributes including the approximate height and facial hair as well as the clothing worn by the suspect. Detective Wright obtained security footage from other locations in the vicinity of the Sunoco and was able to trace the suspect's arrival and departure from the robbery. At the intersection of Oxford and Highland, a license plate reader captured the plate on the vehicle driven by the actors. The plate was run[,] and it was determined that [Harris] was the registered owner of the vehicle. From the driving record, Detective Wright obtained [Harris's] driver license photograph. The driving record identified [Harris's] address as 1268 Blackadore Drive in Penn Hills. Detective Wright prepared a photo array. When he was shown the pictures, [] Karman selected [Harris].

Investigators obtained a warrant to search 1268 Blackadore Drive. When police executed the warrant, a silver Hyundai Electra was parked at the residence. The Hyundai was consistent with the vehicle that was traced in the surveillance footage and identified by the license plate reader on the night of the robbery. During the search, a black BB gun was recovered on the premises from inside a retaining wall.

* * * *

. . . [Harris] was charged at . . . with one count of robbery, one count of persons not to possess a firearm, [18 Pa.C.S.A. § 6105(a)(1),] one count of criminal conspiracy (robbery)[, 18 Pa.C.S.A. § 903,] and one count of false imprisonment[, 18 Pa.C.S.A. § 2903(a)]. [I]n January [] 2021, [Harris] appeared via videoconference for a preliminary hearing . . .. The charge of persons not to possess a firearm was dismissed. The remaining charges were held for court.

- 2 -

[I]n August [] 2021, [Harris] filed an omnibus pre[-]trial motion[, which the trial court denied]. . . . [I]n February [] 2022, [Harris] appeared . . . for a jury trial. . . . On February 14, 2022, the panel returned a verdict, finding [Harris] guilty of robbery[ and related offenses]. [On] . . . June 26, 2022, [Harris] was sentenced to an aggregate period of incarceration of 27 to 54 years[, including a mandatory minimum of twenty-five years of imprisonment pursuant to 42 Pa.C.S.A. § 9714(a)(2), for a conviction for a crime of violence (*i.e.*, robbery by threat of serious bodily injury) with two prior convictions for crimes of violence].

[Harris], proceeding *pro se*, filed a post[-]sentence motion. [The court appointed counsel who] filed a supplemental post-sentenc[e] motion on behalf of [Harris]. [The trial court] denied [Harris's] post[-]sentence motion. On August 11, 2022, [Harris] filed a notice of appeal to the Superior Court.

Trial Court Opinion, 12/13/22, at 1-3 (paragraphs re-ordered for clarity; unnecessary capitalization omitted). Both Harris and the trial court complied with Pa.R.A.P. 1925.

Following an application by Harris to proceed with his appeal *pro se*, this Court remanded the matter for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and, the trial court, following a subsequent order by this Court, held the hearing, after which it found that Harris knowingly, voluntarily, and intelligently waived his right to counsel. The trial court entered an order permitting Harris to proceed *pro se*. **See** Order, 920 WDA 2022, 3/24/23; Order, 920 WDA 2022, 6/12/23; Order, CP-02-CR-140-2021, 7/13/23.

Harris raises the following issues for our review:

I.   Whether [Harris's] sentence imposed under 42 [Pa.C.S.A.] § 9714 [is,] pursuant to[, *inter alia*,] **Alleyne** [**v. United States**, 570 U.S. 99 (2013),] unconstitutional because it

- 3 -

directs a judge rather than a jury to determine whether the "instant offense" was committed by violence to be a crime of violence under . . . 9714(d) and [it] is no longer good law . . . that [a] judge must determine if the crime was committed with violence?

II. Whether the evidence was insufficient to sustain [Harris's] conviction for robbery as charged in the criminal information under 3701(a)(1)(ii)?

III. Whether the trial court erred in admitting the BB gun recovered from outside of [Harris's] residence where there was no evidence that it was linked to [Harris,] and access was available to other people?

Harris's Brief at 5 (issues re-ordered for ease of disposition; unnecessary capitalization omitted).[2]

In his first issue, Harris contests the legality of his sentence. A challenge to the legality of sentence is a question of law; our standard of review is *de novo*, and our scope of review is plenary. *See Commonwealth v. Hayes*, 266 A.3d 679, 683 (Pa. Super. 2021).[3]

Harris argues in his first issue that his sentence is illegal because *Alleyne* and its progeny render section 9714 unconstitutional, since it permits a judge, not a jury, to determine whether the current offense constitutes a

---

[2] Harris does not address his third issue in the argument section of his brief and has thus abandoned this issue. *See Commonwealth v. Bullock*, 948 A.2d 818, 823 (Pa. Super. 2008) (providing that issues not developed in an appellant's brief are abandoned).

[3] Harris did not raise this challenge to the legality of his sentence in his Rule 1925(b) statement; however, challenges to the legality of sentencing may be raised for the first time on appeal. *See Commonwealth v. Warunek*, 279 A.3d 52, 54 (Pa. Super. 2022).

"crime of violence." **See** Harris's Brief at 11 (discussing 42 Pa.C.S.A. § 9714(a)(2)).[4]

Section 9714(a)(2) provides, in relevant part, as follows:

(2) Where the person had at the time of the commission of the current offense[, *i.e.*, a crime of violence as specified in section 9714(a)(1),] previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

42 Pa.C.S.A. § 9714(a)(2). Section 9714(d) permits the trial court to determine whether a defendant has prior convictions for crimes of violence. **See id**., § 9714(d). Section 9714(g) defines a "crime of violence" as, *inter alia*, "robbery as defined in 18 Pa.C.S.[A.] § 3701(a)(1)(i), (ii) or (iii) (relating to robbery)[.]" **Id**., § 9714(g). Additionally, while the United States Supreme Court's decision in **Alleyne** generally requires a finding by a jury of any fact

_____

[4] Harris cites to section 9714(a)(1), which requires imposition of a ten-year mandatory minimum sentence, presumably because it contains an express reference to a present conviction for a "crime of violence"; however, Harris received a twenty-five-year mandatory minimum pursuant to section 9714(a)(2). **See** Sentencing Order, 7/26/22 (imposing a sentence of twenty-five to fifty years of imprisonment for Harris's robbery conviction). Harris's argument, insofar as he argues the jury was required to make a finding that his robbery conviction was a crime of violence, also applies to section 9714(a)(2).

- 5 -

that increases a defendant's sentence, **Alleyne** does not "overrule the narrow exception for the fact of a prior conviction"—that is, a jury is not required to determine the fact of a prior conviction for sentencing purposes. **Commonwealth v. Carrera**, 289 A.3d 1127, 1133 (Pa. Super. 2023). *A fortiori*, the same applies to an instant conviction for which a defendant is sentenced. Indeed, where the prior convictions are established, this Court has held that a conviction by jury for a crime of violence is sufficient grounds for a trial court's imposition of a mandatory minimum pursuant to section 9714(a). **See Commonwealth v. Tooks**, 151 A.3d 666, 667, 672 (Pa. Super. 2016) (affirming imposition of a mandatory minimum sentence under section 9714(a) after the trial court "found [it] applicable in light of Appellant's prior conviction for robbery of a motor vehicle and Appellant's instant conviction for conspiracy to commit robbery – serious bodily injury") (unnecessary capitalization and brackets omitted).

In this case, it is not contested that Harris was charged with, and convicted and sentenced for, robbery – threat of immediate serious bodily injury, pursuant to section 3701(a)(1)(ii). **See** Criminal Information, 2/5/21; Order of Sentence, 7/26/22; Harris's Brief at 21. Section 9714(a)(2) requires imposition of a mandatory minimum of twenty-five years of imprisonment upon a conviction for a crime of violence if a defendant has two or more prior convictions for crimes of violence. **See** 42 Pa.C.S.A. § 9714(a)(2). Section 9714(g) defines a "crime of violence" as, among others, robbery under section

3701(a)(1)(ii). Here, the jury found Harris guilty of robbery under section

3701(a)(1)(ii), which meets the statutory definition of a crime of violence.

The jury need make no additional finding before the trial court may impose

the mandatory minimum in this circumstance. **See Tooks**, 151 A.3d at 672.

Accordingly, Harris's issue—in which he contests the trial court's authority to

impose the mandatory minimum sentence following its finding that his present

conviction, by jury, of robbery, pursuant to section 3701(a)(1)(ii), constitutes

a crime of violence—merits no relief.

In his second issue, Harris challenges the sufficiency of the evidence for

his robbery conviction. In considering a sufficiency of the evidence challenge,

our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict[-]winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime[s] beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated[,] and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brumbaugh*, 932 A.2d 108, 109-10 (Pa. Super. 2007) (internal citations and quotations omitted).

Before reaching the merits of Harris's sufficiency issue, we must determine whether he has preserved it. An appellant's Rule 1925(b) statement must "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). Rule 1925(b) requires an appellant, when challenging the sufficiency of the evidence, to specify for which elements of which offenses the evidence was insufficient; as this Court has explained:

> If [an a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived.

*Commonwealth v. Arnold*, 284 A.3d 1262, 1279 (Pa. Super. 2022) (internal citation omitted; brackets in original).

Harris contends that the evidence was insufficient to sustain his conviction, pursuant to section 3701(a)(1)(ii), because the BB gun he used was incapable of causing serious bodily injury. *See* Harris's Brief at 16-18, 21. However, Harris, in his concise statement, did not challenge the sufficiency of the evidence on this basis; instead, he challenged the sufficiency of the evidence establishing his identity as the person who committed the robbery. *See* Concise Statement of Matters Complained of on Appeal, 9/7/22, at ¶ 2(a). Indeed, based on Harris's Rule 1925(b) statement, the trial court

addressed only the sufficiency of the evidence supporting the identification of Harris as the robber. *See* Trial Court Opinion, 12/13/22, at 3-5. Thus, because Harris did not raise a challenge to the sufficiency of the evidence establishing that he threatened Karman with serious bodily injury, this issue is waived. *See Arnold*, 284 A.3d at 1279.[5] For these reasons, Harris is due no relief.[6]

Judgment of sentence affirmed. Application denied.

---

[5] Even if preserved, Harris's issue merits no relief. This Court has held that an "[a]ppellant's crime is not made less serious by the fact that he did not possess a gun, but was only simulating one. . . . The threat posed by the appearance of a gun is calculated to inflict fear of deadly, not just mere bodily, injury." *Commonwealth v. Thomas*, 546 A.2d 116, 118–19 (Pa. Super. 1988). *See also Commonwealth v. Jannett*, 58 A.3d 818, 822 (Pa. Super. 2012) (finding sufficient evidence for a robbery conviction under section 3701(a)(1)(ii) where the defendant did not have a gun but demanded money and stated to his victims during the robbery that he had a gun).

[6] Harris has filed an application, post-briefing, with this Court for a copy of the Commonwealth's trial exhibit 33, which is a copy of a parking ticket establishing he parked his car at UPMC Shadyside approximately one hour after the robbery. *See* Application for Relief, 12/14/23; *see* N.T., 2/11/22, at 64-66, 96-97. Harris has not set forth how this exhibit is material to his appeal, in which the sole issue we address pertains to the legality of his sentence. We deny the application.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/18/2024