J-A09039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROBERT DANIEL SULLIVAN | : | |
| Appellant | : | No. 716 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 29, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000251-2021

BEFORE: PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: SEPTEMBER 3, 2025**

Robert Sullivan appeals from the judgment of sentence entered following his guilty plea to driving under the influence (DUI).[1] This case returns to us for reconsideration in light of ***Commonwealth v. Shifflet***, 335 A.3d 1158 (Pa. 2025). ***Shifflet*** does not alter our conclusion that the trial court properly treated Sullivan's present DUI as a third offense. We affirm.

Police charged Sullivan with DUI on December 10, 2020. Sullivan pled guilty and was sentenced, reserving the right to challenge his prior offenses, grading, and penalties. The trial court treated Sullivan's DUI as a third offense based on two out-of-state cases: (1) a guilty plea to driving while ability impaired (DWAI) in New York, and (2) a guilty plea and entry into a probation

_____

[1] 75 Pa.C.S. § 3802(d)(2).

before judgment (PBJ) program for DUI in Maryland.[2]   Sullivan timely

appealed, presenting two questions for review:

> I.     Whether the lower court erred when it considered the Maryland DUI PBJ as a "prior offense" under 75 Pa.C.S. § 3806?
>
> II.    Whether the lower court erred when it considered the conviction for New York DWAI as a "prior offense" under 75 Pa.C.S. § 3806?

Sullivan's Brief at 4.

This Court affirmed, ruling that both of Sullivan's challenges failed under

mandatory authority.  ***Commonwealth v. Sullivan***, 299 A.3d 881 (Table)

(Pa. Super. May 8, 2023) (non-precedential decision).

Sullivan petitioned for allowance of appeal.  The Supreme Court of

Pennsylvania granted the petition, vacated our order, and remanded for

reconsideration in light of ***Shifflet***.  ***Commonwealth v. Sullivan***, Order, No.

304 MAL 2023 (Pa. June 18, 2025).

***Shifflet*** is the latest in a line of cases addressing the constitutionality

of the Vehicle Code's definition of a "prior offense" for DUI.  Subject to a ten-

year lookback period, the legislature defines a prior DUI offense as:

> any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
>> (1)  an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

---

[2] N.Y. Veh. & Traf. § 1192(1); Md. Code Transp. § 21-902(a)(2).

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S. § 3806(a).

The constitutional question is whether this statute violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013). Generally, if a factual finding would increase the mandatory minimum or statutory maximum sentence for an offense, then that fact must be submitted to a jury and proven beyond a reasonable doubt. *See Alleyne*, 570 U.S. at 116; *Apprendi*, 530 U.S. at 490. This general rule, however, does not apply to "the fact of a prior conviction." *Alleyne*, 570 U.S. at 111 n.1; *Apprendi*, 530 U.S. at 486–90. In DUI law, a prior offense increases the mandatory sentence for a subsequent conviction of DUI. 75 Pa.C.S. § 3804. Therefore, the *Apprendi*/*Alleyne* issue is whether the introductory paragraph in section 3806(a) fits within the "prior conviction" exception.

Over the last five years, our courts have repeatedly addressed whether counting "acceptance of Accelerated Rehabilitative Disposition" (ARD) as a prior offense violates *Alleyne*. This Court first held that treating ARD acceptance as a prior DUI offense violates due process. *Commonwealth v. Chichkin*, 232 A.3d 959, 968 (Pa. Super. 2020). We then overruled *Chichkin* *en banc*, holding that the ARD process includes adequate procedural safeguards, such that section 3806(a) could constitutionally treat ARD as a

prior offense. **Commonwealth v. Richards**, 284 A.3d 214, 216 (Pa. Super. 2022) (*en banc*); **Commonwealth v. Moroz**, 284 A.3d 227, 230 (*en banc*).

Initially, the Supreme Court of Pennsylvania was evenly divided on the issue. **Commonwealth v. Verbeck**, 290 A.3d 260 (Pa. 2023). However, on May 30, 2025, the supreme court reached the same conclusion that this Court had in **Chichkin**: ARD is not "the equivalent of a prior conviction" and thus does not fit in the "prior conviction exception" to the rule of **Apprendi** and **Alleyne**. **Shifflet**, 335 A.3d at 1172–73. Likewise, the court reasoned that "a defendant's previous acceptance of ARD cannot be equated to a guilty plea." **Id.** at 1173–75. Central to the court's analysis was that the ARD process lacks protections that are available to a defendant at trial or in a guilty plea. **Id.** at 1172–75.

The court catalogued how ARD lacks the protections of trial, including any demonstration of the defendant's guilt:

> [I]n a criminal trial, the defendant is entitled to representation by competent and effective counsel, who reviews the case with the defendant to construct a defense. The defendant is provided a speedy trial, at which the Commonwealth bears the burden of establishing each and every element of the offenses charged beyond a reasonable doubt. At trial, the defendant is accompanied by counsel, who may object to inadmissible evidence, and the defendant has the right to confront the witnesses against him, to present his own witnesses, and to testify on his own behalf.
>
> In contrast, in an ARD proceeding, there is no requirement that an evidentiary record of the alleged criminal conduct be admitted. . . . [O]nce the defendant indicates his understanding of the proceedings, requests acceptance into the program, and agrees to the terms [of ARD], the record is closed. Once the record is closed, the judge hears the facts of the case. If the judge

determines that ARD is warranted, the record is reopened and the conditions of the program are stated on the record. The defendant's statements at the ARD hearing may not be used against him in any criminal proceeding, except one based upon the falsity of the statements given. Upon successful completion of the ARD program, the defendant may move for dismissal of the charges and, absent objection by the Commonwealth, the defendant's arrest record is expunged.

Finally, and most critically, in an ARD proceeding, the Commonwealth is not required to prove the defendant's culpability beyond a reasonable doubt, and the defendant is not required to admit guilt.

*Id.* at 1172–73 (criminal procedural rule citations omitted).

Similarly, ARD lacks the admission of guilt and concomitant waiver of rights essential to a guilty plea:

[I]f a defendant wishes to enter a guilty plea, he must execute a written waiver which explains, *inter alia*, the constitutional rights he is waiving as a result of his plea, and the effect of the guilty plea on his appellate rights. The trial court then must conduct a guilty plea colloquy of the defendant, on the record, to ensure that the defendant fully understands the nature of the charges to which he is pleading guilty and the consequences of his plea.

The trial court also must confirm that the defendant has knowingly, intelligently, and voluntarily decided to enter a guilty plea. . . . [B]efore a judge may accept a plea of guilty, he must conduct a colloquy of the defendant to confirm that there is a factual basis for the defendant's plea and that the defendant understands the nature and elements of the offense to which he is pleading guilty. Finally, a guilty plea results in a conviction and a criminal record.

By contrast, in an ARD proceeding, as discussed, the trial court hears an off-record summary of the facts. The defendant is not required to admit to the accuracy or veracity of those facts; rather, the defendant need only accept the conditions of the program. Significantly, the defendant is not required to admit guilt in any fashion, and successful completion of the ARD program results in a dismissal and an expungement of the charges.

Moreover, the rules pertaining to ARD proceedings do not require that the defendant be informed that his acceptance into the ARD program may serve as a basis for future sentence enhancement, or, more importantly, that his acceptance of ARD will act as a waiver of the constitutional protections afforded by *Apprendi* and *Alleyne*. Instead, Rule 312 requires only that the record reflect the defendant's understanding that: (1) acceptance and satisfactory completion of the ARD program offers an opportunity to earn dismissal of the pending charges; and (2) if the defendant fails to complete the ARD program, he waives the applicable statute of limitations and his constitutional right to a speedy trial during the period of enrollment in the program.

[Any waiver of rights must be knowing, intelligent, and voluntary.] Critically, there is no provision in the ARD rules that serves to confirm that a defendant's waiver of his constitutional rights is knowing, intelligent, and voluntary. As ARD proceedings lack the procedural protections that accompany proceedings in which a defendant pleads guilty, we find a defendant's acceptance of ARD cannot be equated to a guilty plea for *Apprendi* purposes.

*Id.* at 1173–75 (citations, quotation marks, and footnote omitted).

The *Shifflet* court, after finding section 3806(a) unconstitutional, held that the defect would be cured by severing the ARD term from the statute. *Id.* at 1178.

Against this background, this Court also addressed the other inclusions in the statutory definition of "prior offense," notably the "other form of preliminary disposition" included in Section 3806(a). In 2021, after *Chichkin* was decided, we addressed whether a defendant's prior entry into probation before judgment for driving while impaired in Maryland should have been counted as a prior offense for a DUI in Pennsylvania. *Commonwealth v. Hayes*, 266 A.3d 679, 682 (Pa. Super. 2021). Because Maryland law requires a defendant to plead guilty or *nolo contendere* or be found guilty before

- 6 -

entering PBJ, we found the Maryland PBJ disposition to be free from the defect in **Chichkin**. **Id.** at 684.

We thus turn to Sullivan's issues, on reconsideration in light of **Shifflet**. First, Sullivan challenges the trial court's counting his Maryland DUI PBJ as a "prior offense." The trial court relied on **Hayes** to do so, and we find no error in this reliance. When this Court decided **Hayes**, we recognized that counting ARD as a prior offense in section 3806(a) was unconstitutional. **See Hayes**, 266 A.3d at 683–84 (comparing **Chichkin**). We concluded, however, that the Maryland procedure provided "the due process safeguards missing from Pennsylvania's ARD program." **Id.** at 684. Therefore, the defendant's prior Maryland PBJ disposition should have been counted as an "other form of preliminary disposition" in section 3806(a). **Id.**

**Shifflet** did not expressly overrule **Hayes**, nor do any of the supreme court's pronouncements from its recent opinion undercut our reasoning in **Hayes**. Instead, **Shifflet**'s emphasis of the procedural safeguards available at trial or in a guilty plea reinforce the logic by which we ruled that a prior PBJ disposition in Maryland is treated as a prior offense. Notably, **Shifflet** itself was limited to the ARD provision of section 3806(a), and the remedy was to sever only that portion of the statute. "[M]ost critically" in the court's analysis, an ARD proceeding includes no admission or determination of guilt. **Shifflet**, 335 A.3d at 1173. A PBJ disposition, by contrast, requires a determination of guilt or a plea of guilty or *nolo contendere*. **Hayes**, 266 A.3d at 684. As a Maryland PBJ disposition includes the necessary procedural safeguards, it falls

within the prior conviction exception to *Apprendi*/*Alleyne*. Thus, *Hayes* remains valid law from a prior panel of this Court, which this panel cannot overrule. *See Commonwealth v. Beck*, 78 A.3d 656, 659 (Pa. Super. 2013) (citing *Commonwealth v. Taylor*, 649 A.2d 453, 455 (Pa. Super. 1994)). Sullivan's first issue fails.

Second, Sullivan challenges the trial court's counting his New York conviction for DWAI as a "prior offense." On our initial review of this issue, we followed a case that was directly on point: *Commonwealth v. Pombo*, 26 A.3d 1155, 1159 (Pa. Super. 2011) (holding New York DWAI to be "substantially similar" to Pennsylvania DUI under section 3806(a)). Nothing in *Shifflet* overruled or abrogated *Pombo*. We again follow *Pombo*. *See Beck*, *supra*. Sullivan's second issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/03/2025